BEATRICE H. ALBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19152.   Promulgated July 22, 1949.

*Louis Albert, Esq.,* for the petitioner.
*Melvin L. Sears, Esq.,* for the respondent.

130

## OPINION.

MURDOCK, *Judge*: The Commissioner concedes that the expenditures were reasonable in amount and of the type that would be deduc-

tible in a proper case, but argues that this taxpayer's post of duty or employment was in Lowell, and the expenditures were personal or living expenses due to the petitioner's desire to continue to reside in Gloucester. Here, as in the cases of *Commissioner* v. *Flowers*, 326 U. S. 465, and *Barnhill* v. *Commissioner*, 148 Fed. (2d) 913, the taxpayer had but one job and, for personal reasons, rather than to prosecute or develop the business, chose to reside at a long established home away from this particular place of employment.

This case is not distinguishable in principle from the early case of *Mort L. Bixler*, 5 B. T. A. 1181. The petitioner in that case was the husband, while here the wife is the petitioner, but in each the alleged traveler was, so far as the record shows, the only one in the family gainfully employed. The employment in each case lacked permanence, but, on the other hand, was indefinite in duration rather than obviously temporary, in that it was not the sort of employment in which termination within a short period could be foreseen, as was the situation in *Harry F. Schurer*, 3 T. C. 544, and *E. G. Leach*, 12 T. C. 20. The suggestion or warning that there might be a change of station upon short notice does not justify extensive discussion, since the evidence fails to show how probable this possibility was, except for the fact that the petitioner actually remained on duty in Lowell from 1943 until the end of 1945. Other cases similar to this one involving employment for a limited, indefinite period are *Ney* v. *United States*, 171 Fed. (2d) 449; certiorari denied, 336 U. S. 967; *George W. Lindsay*, 34 B. T. A. 840; *John D. Johnson*, 8 T. C. 303; and *Robert F. Green*, 12 T. C. 656.

Commuting expenses have never been allowed as deductions. *Frank H. Sullivan*, 1 B. T. A. 93.

*Decision will be entered for the respondent.*