MAGNUS L. SMITH AND CHARLSIE M. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 2688-76.
United States Tax Court
T.C. Memo 1977-267; 1977 Tax Ct. Memo LEXIS 179; 36 T.C.M. (CCH) 1081; T.C.M. (RIA) 770267; August 11, 1977, Filed Magnus L. Smith, pro se. Osmun R. Latrobe, for the respondent DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $1,491.20 in petitioners' Federal income tax for the year 1973. One adjustment has been conceded by petitioners. The only issue remaining for decision is whether meals and lodging costs of $3,492 incurred by petitioner Magnus L. Smith in 1973 are deductible as ordinary and necessary business expenses under section 162, Internal Revenue Code of 1954. [1]
All the facts are stipulated. The stipulation of facts with attached exhibits are incorporated herein by this reference. The pertinent facts are set forth below. Petitioners *180 were legal residents of Fort Smith, Arkansas, when they filed their petition in this case. They filed their joint Federal income tax return for the taxable year 1973 with the Internal Revenue Service Center at Austin, Texas. After retiring from the Army in October 1971, Magnus L. Smith (herein called petitioner) moved to Leavenworth, Kansas, with his wife and children. During the period from October 1971 to September 1972 the petitioner was living in retirement and otherwise unemployed in Leavenworth, Kansas.
In September 1972, the petitioner accepted employment as a commission salesman with World Associates, Inc., doing business as a department store by the name of Kennedy and Cohen in Lenexa, Kansas. Lenexa is located within the Kansas City metropolitan area. At no time was there any limitation placed upon the duration of the petitioner's employment. No written agreement was signed concerning this employment, although it was orally understood between the parties that if petitioner's performance was satisfactory, he might be selected to attend a management training program. No time periods were established as to when petitioner might or might not be selected for the management *181 training program. After 6 months of employment in the capacity of salesman, petitioner was selected for the management training program. During the training period the selected sales personnel remained at their former sales jobs and attended management seminars after work for 2 hours each day. New stores were, at that time, planned to be opened by the employer in Cleveland, Chicago, Cincinnati, and in Independence, Missouri (also within the Kansas City metropolitan area). During the period while he was in training, petitioner was not informed as to whether he would or would not remain in Lenexa, or whether he might be assigned to one of the other new stores. There was no predetermined period of time during which an individual might remain in the training program. Completion of the program would be accomplished when the employer was in need of additional management staff and it was felt that the trainee was sufficiently qualified to handle the position that was open. Six months was generally considered to be the minimum time the trainee would remain in the program. Petitioner was not informed as to the time his period of training would terminate until approximately 1 *182 to 2 weeks prior to its completion. Petitioner completed his management training program in August 1973. On or about September 27, 1973, he was formally notified that he would be assigned to the store in Independence, Missouri, which was to be opened in January 1974. After completion of the training, but prior to his entering management in the new store, petitioner remained as a salesman in the Lenexa store. In January 1974, the petitioner was assigned to a Levitz furniture store in the Kansas City area rather than to the Kennedy and Cohen store as had been expected. His position was that of assistant operations manager. Throughout the period from September of 1972, to January of 1974, petitioner's principal, and, in fact, only, place of business was in Lenexa, Kansas. At no time was any written contract signed by the petitioner with his employer. Prior to his assignment in September 1973, he was never notified whether he would or would not be assigned to the Kansas City area. Out of approximately 30 individuals in petitioner's training program, approximately 21 were selected for management. Those not selected for management positions remained in sales at the Lenexa *183 store. Of the approximately 21 selected, 6 or 7 individuals were assigned to a store outside the Kansas City area. During the period that the petitioner worked for Kennedy and Cohen, he continued to maintain a home in Leavenworth, Kansas, where his wife and children lived. During the period from September 1972 to January 1974, petitioner rented an apartment in Lenexa, Kansas, and lived there on a substantially full-time basis. The distance from his home in Leavenworth to the store in Lenexa was approximately 50 miles. The distance from petitioner's apartment in Lenexa to his place of employment was very short. The reason the petitioner stayed in the Lenexa area was the difficulty of driving at night and in inclement weather. Petitioner did not sell his home in Leavenworth to move to Lenexa because he could not afford to sell the house since he did not know if he would be retained in his employment. If petitioner remained with his employer, there was no foreseeable way that he would return on a permanent basis to Leavenworth, Kansas. His residence in Lenexa was in no way required by his employer. During the year 1973, petitioner incurred expenses in the amount *184 of $3,492 which included meals, lodging and travel, due to his living at the apartment in Lenexa. From approximately June 1973 and continuing until their divorce in 1974, the petitioners were matrimonially separated by mutual consent. They were divorced in early 1974. In December 1973, the petitioner moved his permanent residence to Lenexa, but his family remained in Leavenworth. It is petitioner's contention that his expenses for meals and lodging incurred in Lenexa during 1973 are deductible traveling expenses under section 162 of the Code.To the contrary, it is respondent's position that such expenses are not deductible by petitioner because (1) he was not "away from home" when they were incurred; (2) they were not necessitated by the exigencies of petitioner's business; and (3) the petitioner's employment was not merely temporary.
We agree with the respondent in view of the particular facts of this case. In Commissioner v. Flowers,326 U.S. 465, 470 (1946), the Supreme Court said there are three conditions which must be satisfied before traveling expense deductions may be allowed (failure to satisfy any one of which would be fatal to the deduction): *185 1. The expense must be a reasonable and necessary traveling expense; 2. The expense must be incurred "while away from home"; and 3. The expense must be incurred in the pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or his employer, and the expenditure must be necessary and appropriate to the development and pursuit of the business or trade. While there has been considerable difficulty in applying these principles to a case where a taxpayer with an established residence accepts employment at another location, but continues to maintain the former residence for his family and deducts his expenses for meals and lodging at the place of his new employment, it is generally recognized that where the assignment to work at the new location is merely "temporary" then such deductions may be allowable, e.g., Peurifoy v. Commissioner,358 U.S. 59 (1958); Dilley v. Commissioner,58 T.C. 276 (1972). The rationale of this exception is that where the new employment is known to have a definite, short duration, it would be unreasonable to require the *186 taxpayer to move his residence. Dilley v. Commissioner,supra;Tucker v. Commissioner,55 T.C. 783 (1971). The deduction is not applicable under the described facts where the duration of the new employment is indefinite or permanent in nature. Dilley v. Commissioner,supra;Owens v. Commissioner,50 T.C. 577 (1968); Albert v. Commissioner,13 T.C. 129 (1949). A person's "tax home" is usually his principal place of business rather than his place of residence. This position has been followed by the Tax Court. The objective, business situs standard is also the rule applied by the Court of Appeals for the Eighth Circuit to which the present case could be appealed. Jenkins v. Commissioner,418 F. 2d 1292 (8th Cir. 1969). Consequently, the business situs test is controlling in this case. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). We think the facts here show that the petitioner's principal, in fact his only, place of business was in Lenexa, Kansas. Since *187 leaving the Army a year before his employment in September 1972, he had remained unemployed and subsequently maintained no business interests in Leavenworth, Kansas, where he left his family. It is clear under the facts and the law that the petitioner's "tax home" in 1973 was in Lenexa. The general rule is that if a taxpayer chooses for personal reasons to maintain a family residence away from his principal place of employment, then his additional travel and living expenses are incurred as a result of personal choice and are not deductible. The essential rationale of the travel expense deduction is to mitigate the burden on the taxpayer who, because of the exigencies of his business, must maintain two places of abode and thus incur additional and duplicate living expenses. Foote v. Commissioner,67 T.C. 1 (1976); Montgomery v. Commissioner,64 T.C. 175, 179 (1975), affd. 532 F. 2d 1088 (6th Cir. 1976); Tucker v. Commissioner,55 T.C. 783 (1971); Kroll v. Commissioner,49 T.C. 557, 562 (1968). Here the petitioner had two reasons for maintaining his former residence in Leavenworth.First, he rented *188 an apartment in the Lenexa area to avoid driving home at night and in inclement weather. While we appreciate his desire to avoid the inconvenience of bad driving conditions, such motivation is purely personal and completely unrelated to his business. This case is like Albert v. Commissioner,13 T.C. 129 (1949), in which the taxpayer made a similar argument regarding the inconvenience of traveling at night and in inclement weather. We ruled against the taxpayer, finding that her employment was not temporary in duration and, therefore, the choice to live at a distance from her employment was motivated solely by personal considerations. Actually petitioner's reasoning herein merely enforces the idea that he should have moved to Lenexa, his place of business, and emphasizes the fact that his motivation for maintaining the Leavenworth house was personal in nature. Petitioner's second reason for maintaining his house in Leavenworth relates to the indefinite duration of his stay in Lenexa. It is clear from the facts that, barring his being fired or resigning from his job (occurrences common to all employment), there was no foreseeable way he could return on a permanent *189 basis to living in Leavenworth. It is also clear from the facts that petitioner's residence in Lenexa was in no way required by his employer. His choice to maintain the two residences was simply a matter of personal convenience, not motivated by the exigencies of his business. An additional factor relating to the motivation of petitioner in maintaining his residence in Lenexa is that from June 1973 until early 1974 when they were divorced, the petitioners were matrimonially separated by mutual consent. At least from June 1973 the petitioner's need for a separate residence was a matter of personal necessity. We are satisfied that the facts of this case indicate that petitioner's employment in Lenexa was not temporary but indefinite in nature. His job as a department store salesman in Lenexa was a position without foreseeable end when he took it. He hoped to eventually be chosen for the company's management program, but, even if not selected or if he did not successfully complete it, he could remain a salesman. There was also no time established in which he might be selected for the program, and no time determined as to when the program would be completed if he were selected. *190 Prior practice indicated that a minimum of one year with the company would be required before an individual could graduate from the program and enter a management role.However, whether selected for the program or not, there was never any time limitation placed on petitioner's employment in Lenexa. In this respect the case is very similar to the cases of Owens v. Commissioner,50 T.C. 577 (1968), and Albert v. Commissioner,supra.In fact, the taxpayers in those cases had stronger arguments than this petitioner because they had been told that they could be transferred at any time depending on the needs of their employers. Nevertheless, in both cases this Court found that the employment was not temporary but was indefinite in nature because termination within a short period of time could not be foreseen. All in all, we do not regard petitioner's employment as being temporary. We therefore sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩