CHARLES H. AND JACQUELINE SHOEMAKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shoemake v. Commissioner
Docket No. 1399-77.
United States Tax Court
T.C. Memo 1980-375; 1980 Tax Ct. Memo LEXIS 211; 40 T.C.M. (CCH) 1203; T.C.M. (RIA) 80375; September 11, 1980, Filed Charles H. Shoemake, pro se. David M. Berman, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: By letter dated December 3, 1976 respondent determined deficiencies and additions to petitioners' Federal income taxes as follows: Addition to Tax [1]
Year
Deficiency
Section 6653(a)
1972
$1,666.09
$ 83.30
1973
1,643.03
82.15
1974
1,763.42
88.17
*212 Due to concessions, [2] the sole issue presented for our determination is whether petitioner-husband's travel expenses for the years in issue were ordinary and necessary employee business expenses incurred while away from home.
FINDINGS OF FACT Some of the facts have been stipulated. These facts together with the exhibits attached thereto are incorporated herein by this reference. Petitioners Charles H. Shoemake and Jacqueline Shoemake resided in Delray Beach, Florida at the time of the filing of their petition in this case. Petitioners, husband and wife, filed joint Federal income tax returns for the years 1972, 1973 and 1974. At all times relevant in this proceeding Mr. Shoemake (hereinafter petitioner) was a unionized boilermaker who received all his work assignments from his labor union. From January 6, 1972 until the middle of 1976, petitioner was employed by Ebasco Services, Inc. (Ebasco) as a boilermaker. Ebasco was engaged in the building of a nuclear power plant *213 on Hutchinson Island which is located in the vicinity of Fort Pierce, Florida. With the exception of several 2-week periods when labor troubles or shortages of material resulted in interruptions of petitioner's employment, petitioner worked continuously for Ebasco for more than 4 years. Petitioner's prior employment stints with a particular employer were all of much shorter duration. During the years in issue petitioners resided in either Fort Lauderdale, Florida (through June 1973) or in Delray Beach, Florida. The distances from these residences to petitioner's job location at Hutchinson Island were 95 and 80 miles respectively. When petitioner commenced his employment with Ebasco, he decided against moving his family to the Fort Pierce area because petitioner had no clear notion as to how long his employment with Ebasco would last. In fact, even after the initial period of employment, petitioner had no way of knowing when his employment by Ebasco would be terminated. Additionally, residing with petitioners was petitioner's mother-in-law whose failing health was a contributing factor in petitioners' decision not to relocate in the Fort Pierce area during the years in issue. *214 Due to the distance of petitioner's home from his place of employment, it was necessary that petitioner maintain a place to live near his work at Hutchinson Island. Petitioner also incurred expenditures for visits to his wife and mother-in-law. On their 1972, 1973 and 1974 returns, petitioners deducted employee business expenses of $7,322.00, $6,556.75 and $7,676.00 respectively. All of these deductions relate to travel, lodging and meals expenses incurred by petitioner in connection with his employment by Ebasco. Pursuant to union contract, petitioner received the following reimbursements from Ebasco for travel expenditures: 1972
$1,564.50
1973
$1,572.00
1974
$1,422.00
These amounts were not included on the W-2 form submitted to petitioner by Ebasco and were not included on petitioner's returns for the years in issue. [3]
*215 In his notice of deficiency respondent disallowed all of the employee business expenses deducted by petitioners in the years in issue. OPINION The sole issue in the instant dispute between the parties is whether travel expenses in connection with petitioner's employment at Ebasco were incurred while away from home. Generally, section 262 [4] prohibits a taxpayer from deducting personal living expenses. However, section 162(a)(2) provides for the deductibility of certain traveling expenses as follows: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *. Traveling expenses are allowable if (1) the expenses are ordinary and necessary, (2) they *216 are incurred while away from home and (3) they are incurred in the pursuit of business. Commissioner v. Flowers,326 U.S. 465, 470 (1946). The purpose behind the section 162(a)(2) deduction is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incurs duplicate living expenses. Daly v. Commissioner,72 T.C. 190, 195 (1979); Tucker v. Commissioner,55 T.C. 783, 786 (1971); Kroll v. Commissioner,49 T.C. 557, 562 (1968). It is thus well settled that a taxpayer with an established tax home who accepts temporary employment away from home is entitled to deduct the travel expenditures associated with his temporary employment. Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957); revg. 27 T.C. 149 (1956), affd. per curiam 358 U.S. 59 (1958); Tucker v. Commissioner,supra;Kroll v. Commissioner,supra.Where, however, the taxpayer embarks upon employment which is indefinite in duration, his tax home will be considered the place of the indefinite *217 employment such that any traveling expenses incurred would not be while away from home within the purview of section 162(a)(2). Commissioner v. Peurifoy,supra;Dean v. Commissioner,54 T.C. 663 (1970). Employment is temporary if it is expected to terminate within a relatively brief period of time and such termination is foreseeable. Cockrell v. Commissioner,38 T.C. 470, 479 (1962), affd. 321 F.2d 504 (8th Cir. 1963); Albert v. Commissioner,13 T.C. 129, 131 (1949). Indefinite employment encompasses the situation where the taxpayer cannot anticipate the termination date of the employment. Blatnick v. Commissioner,56 T.C. 1344, 1348 (1971). The burden of proving that the taxpayer's employment was temporary rests on the taxpayer. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
In the case at bar respondent argues that petitioner's employment with Ebasco was indefinite rather than temporary. We agree. Petitioner testified that at the commencement of his employment at Hutchinson Island in 1972 he had no way *218 of knowing how long his employment with Ebasco would last. Although all of petitioner's previous employment engagements had been much shorter than the 4 plus years spent with Ebasco, petitioner had no indication from Ebasco that his tenure at the nuclear power plant site was to be short-lived. Even after the initial period of employment, petitioner could not even guess as to when his employment would be terminated. Thus, it appears that petitioner's employment cannot be viewed as temporary in contemplation at the time of its acceptance and not indeterminate in fact as it developed. Commissioner v. Peurifoy,supra, at 486. Moreover, it would seem to us that employment at the construction of a nuclear power plant would be more easily characterized as indefinite rather than of short duration. Nor are we convinced that the few work interruptions at Ebasco occasioned by material shortages and labor troubles are enough to transmute what is an indefinite employment into successive periods of temporary employment. We have held that brief interruptions of work at a particular location do not, standing alone, cause employment which would otherwise be indefinite to become *219 temporary. Blatnick v. Commissioner,supra at 1348. Albert v Commissioner,supra at 131. We are mindful of the fact that employment which originally was temporary may become indefinite by changed circumstances or the passage of time. Norwood v. Commissioner,66 T.C. 467 (1976); Kroll v. Commissioner,supra. A finding that petitioner's employment was temporary at its inception could pave the way for the allowance of petitioner's 1972 travel expenses. However, we are hardpressed to so find. The only evidence presented by petitioner in support of such a claim is an assertion that since all of his previous jobs were of short duration it was a permissible inference that another temporary employment stint was upcoming. Unfortunately for petitioner, the lack of a voluminous record precludes any comparison between the nature of petitioner's former jobs and the circumstances of his employment with Ebasco. Thus, we are unable to discern whether petitioner truly expected his employment to be temporary or whether petitioner was merely venturing guesswork concerning the outcome of unforeseeable circumstances. *220 Furthermore, it appears that the ill health of petitioner's mother-in-law weighed heavily in petitioner's refusal to move his family to the vicinity of his employment. Such a decision, however laudable, reflects the personal choice of the petitioner despite, rather than because of, the exigencies of his trade or business. See Tucker v. Commissioner,supra at 787. In closing, we note petitioner's creditable and straight-forward manner and applaud his efforts in rendering aid to his ailing mother-in-law. We would hope that petitioners recognize that our holding favoring respondent emanates from the constraint of legal precedent and not from a lack of recognition of petitioner's very compassionate, commendable and selfless efforts. To reflect concessions by the parties and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. In addition to various concessions made in the stipulation of facts, respondent, on brief, has conceded that any additions to tax under section 6653(a) should not be imposed upon petitioners.↩
3. In his notice of deficiency respondent determined that such reimbursements must be included in petitioner's income for the years in issue. Since petitioners have stipulated that they received these moneys and did not report their receipt on their tax return it is apparent that petitioners have conceded that inclusion of these amounts in income is proper.↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩