JUAN L. WILMOTH AND KAREL J. WILMOTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilmoth v. Commissioner
Docket No. 4247-78.
United States Tax Court
T.C. Memo 1981-206; 1981 Tax Ct. Memo LEXIS 540; 41 T.C.M. (CCH) 1370; T.C.M. (RIA) 81206; April 27, 1981. Juan L. Wilmoth, pro se. John B. Franklin, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 762.66 in petitioners' 1974 Federal income tax. The questions presented are: (1) Whether petitioners are *542 entitled to an investment credit under sections 38 and 46 in connection with their purchase of a vehicle and (2) whether petitioners are entitled to a deduction under section 162 for employee business expenses in an amount greater than that determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated and they are so found. The stipulation of facts and the exhibit attached thereto are incorporated herein by reference. Petitioners resided at Fallon, Nevada, at the time they filed their petition herein. From May of 1971 until September 29 of the year in issue petitioner Juan L. Wilmoth [3] was employed as a shift superintendent by Dravo Corporation at the Henderson Tunnel construction project in Colorado. At the time petitioner began to work on the Henderson Tunnel project he knew that it would last a long time. Termination of his employment there within a fixed, short time was not foreseeable. He voluntarily left his job in Colorado in September to obtain new employment in the Washington, D.C. area. *543 On or about March 26, 1974, petitioner purchased a 1974 Chevrolet Blazer. He used the vehicle to travel between his place of residence and the job site and in connection with his work at the site in Colorado. He did not carry tools to or from the job site with him in the Blazer. After leaving the job in Colorado in September, he did not use the vehicle for business purposes again. Between March 26 and September 29, 1974, he drove the vehicle 14,402 miles. On their Federal income tax return for 1974, petitioners claimed an investment credit of $ 414.98 with regard to the purchase of the Blazer. Respondent disallowed the credit on the grounds that the vehicle was not used in business long enough to qualify for the minimum credit. Petitioner deducted $ 1,459.65 for business use of the Blazer; $ 261.99 for tires, $ 308.41, for license and insurance, and $ 899.25 for depreciation. Respondent disallowed 74 percent of the amount claimed on the grounds that the vehicle was used only 26 percent for business. OPINION Petitioner purchased a 1974 Chevrolet Blazer on or about March 26, 1974, for use in traveling between his residence and his work and on the job. It is unquestioned *544 that the vehicle, upon its purchase, qualified, at least in part, as "section 38 property" (with respect to which the investment credit provided in section 46 may apply). See sec. 1.48-1, Income Tax Regs. Nevertheless, such property disposed of or which otherwise ceases to be section 38 property during the year in which it is placed in service cannot be taken into account in determining the credit. Sec. 1.46-3(a)(2), Income Tax Regs. When the vehicle ceased to be used in petitioner's work in September it ceased to be section 38 property. Sec. 1.47-2(a)(2)(i) and 1.47-2(e). That having occurred in the same year as its purchase, no credit is allowable. See secs. 47(a)(1) and 46(c)(2). Petitioner's employment at the Henderson Tunnel project was not "temporary" as that term has been defined by the courts. That is to say, its termination within a short period of time could not be foreseen. E.g., Verner v. Commissioner, 39 T.C. 749, 753 (1963); Albert v. Commissioner, 13 T.C. 129, 131 (1949). He did not transport any tools to or from work. See Fausner v. Commissioner, 413 U.S. 838 (per curiam), rehearing denied 414 U.S. 882 (1973). *545 Accordingly, the costs of his transportation between his residence and the job site cannot be categorized other than as personal, nondeductible expenses, see, e.g., Peurifoy v. Commissioner, 358 U.S. 59 (per curiam), rehearing denied 358 U.S. 913 (1958); Commissioner v. Flowers, 326 U.S. 465, rehearing denied 326 U.S. 812 (1946), regardless of his need for the vehicle at the site. See Sapp v. Commissioner, 36 T.C. 852 (1961), affd. per curiam 309 F.2d 143 (5th Cir. 1962). The evidence does not support a deduction for business use of the Blazer in an amount in excess of that determined by respondent. We must sustain respondent's determination. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Inasmuch as Karel J. Wilmoth is a party to this proceeding solely because she filed a joint return with her husband, for convenience we will hereinafter refer to Juan L. Wilmoth as the petitioner.↩