GERALD A. OSTRAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ostrand v. Commissioner
Docket No. 4846-79.
United States Tax Court
T.C. Memo 1981-304; 1981 Tax Ct. Memo LEXIS 445; 42 T.C.M. (CCH) 116; T.C.M. (RIA) 81304; June 18, 1981. *445 Petitioner, a construction worker, worked for over 2 years at a site approximately 112 miles from his purported tax home. Held, petitioner's employment during 1976 was indefinite and, accordingly, his claimed living expenses are not deductible under section 162(a)(2). Gerald A. Ostrand, pro se. Mark A. Pridgeon, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $ 3,280.66 in petitioner's Federal income *446 tax for 1976. The issue for decision is whether petitioner's claimed meal, lodging and transportation expenses were incurred while away from home in pursuit of a trade or business thus rendering them deductible under section 162(a)(2). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner, Gerald A. Ostrand, was a resident of Mizpah, Minnesota, at the time the petition was filed in this case. He timely filed a Federal income tax return for the 1976 taxable year. During the years 1975 through 1979, petitioner was employed by approximately eight construction firms at various locations in northern Minnesota. From September 1975 to December 1977, petitioner was employed by ABI Corporation, Inc. (ABI), the general contractor for concrete pouring at the United States Steel taconite processing plant which was being constructed near Parkville, Minnesota. Petitioner's duties at the Parkville site consisted of operating *447 and maintaining heavy equipment such as generators, welders, loaders and overhead cranes. Petitioner's versatility in operating and maintaining various pieces of machinery contributed to his continued employment with ABI. During 1976 petitioner owned a mobile home in Mizpah, Minnesota, approximately 112 miles from the Parkville construction site where he was employed. From January through August of 1976, petitioner rented living accomodations in Chisholm[2] and from September through December rented a trailer near Parkville. Petitioner attempted to purchase the trailer he rented near Parkville, but a problem with the title prevented him from completing the transaction. On his 1976 income tax return, petitioner deducted as employee business expenses $ 2,080 for rent, $ 4,536 for meals and $ 2,640 in automobile expenses for a total of $ 9,256. These amounts were attributable to his living expenses incurred while working at the Parkville site. In the notice of deficiency mailed to petitioner on March 22, 1979, respondent disallowed the claimed deduction in full on the basis that petitioner had not established *448 that the amount constituted an ordinary and necessary business expense. OPINION The issues for decision are whether petitioner's claimed deductions for living expenses during 1976 qualify as ordinary and necessary employee business expenses incurred while away from home and, if so, whether the expenses were properly substantiated. Section 262 [3] states the general rule that a taxpayer is prohibited from deducting personal living expenses. Thus, expenditures for food, lodging, and transportation are clearly nondeductible unless expressly allowed by another Code provision. An exception to this rule is provided in section 162(a)(2) which permits the deductibility of certain traveling expenses as follows: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are *449 lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *. In order to come within the exception of section 162(a)(2) the traveling expenses must meet three criteria: (1) they must be ordinary and necessary; (2) they must be incurred while away from home; and (3) they must be incurred in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The pivotal criterion in the instant case is whether the living expenses deducted by the petitioner were incurred while away from home. A taxpayer's "home" for purposes of section 162(a)(2) has been consistently interpreted by this Court to mean the vicinity of his principal place of employment. Bochner v. Commissioner, 67 T.C. 824, 827 (1977); Foote v. Commissioner, 67 T.C. 1, 4 (1976); Michaels v. Commissioner, 53 T.C. 269, 273 (1969). However, where a taxpayer maintains a personal residence in one location and accepts temporary employment elsewhere, a deduction is allowed for the living expenses incurred at the temporary job site. Commissioner v. Peurifoy, 254 F.2d 483, 486 (4th Cir. 1957), *450 revg. 27 T.C. 149 (1956), affd. per curiam 358 U.S. 59 (1958); Tucker v. Commissioner, 55 T.C. 783, 786 (1971). The purpose of this exception to the general rule of section 262 is to mitigate the burden of duplicate living expenses where it is unreasonable to expect the taxpayer to move his residence in order to accept temporary employment. Tucker v. Commissioner, supra; Kroll v. Commissioner, 49 T.C. 557, 562 (1968). The expenses in such situations are considered to arise from business exigencies and not the taxpayer's choice to live at a distance from his place of work. Norwood v. Commissioner, 66 T.C. 467, 469 (1976). Although each case must be determined on its own unique facts, employment is generally considered to be temporary when it is expected to last only for a relatively brief period of time. Norwood v. Commissioner, supra; Tucker v. Commissioner, supra. If, however, the employment will last for an indefinite period (even though eventual termination is certain) the job is not temporary. Blatnick v. Commissioner, 56 T.C. 1344, 1348 (1971). *451 The Eighth Circuit, to which an appeal in this case would lie, has adopted the following test: Where it appears probable that a taxpayer's employment outside the area of his regular abode will be for a "temporary" or "short" period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an "indefinite" or "intermediate" or "substantially long" period, then the deduction is disallowed. [Cockrell v. Commissioner, 321 F.2d 504, 507 (8th Cir. 1963), quoting Wright v. Hartsell, 305 F.2d 221, 224 (9th Cir. 1962).] See also Frederick v. United States, 603 F.2d 1292, 1295-1296 (8th Cir. 1979). The rationale for the restrictive definition of "temporary" is to prevent the taxpayer from transforming personal living expenses into deductible business expenses merely by choosing to live a distance from his place of employment. Dilley v. Commissioner, 58 T.C. 276, 279-280 (1972). The burden of proving that the employment was temporary rests on the taxpayer. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice *452 and Procedure. After careful consideration of the record in the case at bar, we have concluded that petitioner has not met that burden. It is undisputed that petitioner was employed from September of 1975 to December of 1977 by ABI, a general contractor involved in a major construction project. During that time petitioner both operated and maintained various pieces of heavy equipment and this versatility was a factor in his continued employment. There was no indication in the record that petitioner expected the project to be discontinued or that he expected to be laid off within a short period of time after commencing employment. Rather, the evidence points to the conclusion that petitioner expected to be employed for the duration of the project. In contrast, there is a dearth of evidence linking petitioner with his purported tax home. Petitioner rented living accommodations for the entire year near his place of employment and even attempted to purchase the trailer house in Parkville that he lived in during the latter part of 1976. According to the record, petitioner's sole connection with Mizpah was a mobile home that he owned there. However, there was no evidence that *453 duplicate living expenses were incurred in maintaining two households. In addition, petitioner's filing status in 1976 was single and there was no testimony that family members remained in Mizpah. Petitioner's principal support for his position was his unsupported testimony that his employment with ABI was not "permanent" because he could not ascertain how long the job would continue. Petitioner concludes that this lack of permanence prevented him from moving from Mizpah to a location nearer the job site at Parkville. [4] Lack of permanence, however, does not equate with temporariness. Rather, employment that lacks permanence is indefinite unless termination within a short period can be foreseen. Blatnick v. Commissioner, supra at 1348; Albert v. Commissioner, 13 T.C. 129, 131 (1949). *454 Although no single factor is determinative of the ultimate issue of whether employment is temporary, Norwood v. Commissioner, supra, we believe that the cumulative effect of the evidence compels a finding that petitioner's employment during 1976 was indefinite. Thus, his claimed expenses were not incurred while away from home within the meaning of section 162(a)(2). [5]
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue.↩
2. Chisholm, Minnesota, is approximately 15 miles from Parkville.↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
4. However, the lack of duplicate living expenses points to the conclusion that petitioner did not maintain a home in Mizpah during 1976. As noted by the Eighth Circuit, the term "home" -- is referable to the place where one has his principal place of duty, and where he has an abode while pursuing such duty; -- not where he merely claims his "residence" to be. [Cockrell v. Commissioner, supra↩ at 507].
5. Because of our resolution of this issue we do not reach the question of what amount of the claimed expenses have been properly substantiated.↩