ARNOLD E. & DEAN B. BOLAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bolan v. Commissioner
Docket No. 22019-83.
United States Tax Court
T.C. Memo 1985-421; 1985 Tax Ct. Memo LEXIS 215; 50 T.C.M. (CCH) 759; T.C.M. (RIA) 85421; August 13, 1985. *215 Held: Petitioner's employment as a journeyman electrician was indefinite and thus, a deduction for expenses to travel to and from work incurred during 1980 are not allowable under section 162(a)(2). Arnold E. Bolan, pro se. Helen Theo, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies in petitioners' income tax of $1,339 for the calendar year 1980 and $1,481 for the calendary year 1981. After concessions by petitioners, the issues for decision are whether petitioners are allowed to deduct expenses incurred in each year for travel to and from work under section 162(a)(2) [1] and whether telephone and utilities taxes paid in 1981 are deductible. FINDINGS OF FACT Some of the facts have been stipulated. Petitioners resided in Hartselle, Alabama, when they filed the petition in this case and during the years in issue. Petitioner Arnold E. Bolan (petitioner) is an electrician by trade. On December 15, 1978, petitioner was reemployed to work as a journeyman electrician for the Tennessee Valley Authority (TVA) at the Bellefonte *217 Nuclear Project (Bellefonte project) in Hollywood, Alabama. [2] When petitioner's employment period which includes the years 1980 and 1981 began, his type of appointment was a Trades and Labor Temporary Construction Hourly with no termination date. Workers under this appointment were employed until their services were no longer needed. The word "temporary" was used by TVA to distinguish hourly workers from salaried workers. Petitioner remained employed until June 27, 1983, when TVA terminated petitioner's employment because of a reduction in force. The requirements at the Bellefonte project for electricians for the year 1979, as projected in 1978 were 625. For 1979, 595 electricians were on call. The 1979 projection for the 1980 year was 308 although 682 were actually employed. The projection made in 1980 for 1981 was 410 although 664 were actually employed. We take judicial notice of the following facts found in Bates v. Commissioner,T.C. Memo. 1985-153, which also involved the Bellefonte project. The Bellefonte *218 project in 1978 had a projected completion date of 1983. This completion was revised as follows: [3]
Time of Revised Projection
Revised Projected Completion Date
April 1979
August 1985
May 1980
August 1986
Housing in the Bellefonte project area for workmen was critically short during this period. During 1980 and 1981, petitioner drove from his residence in Hartselle, Alabama, to the Bellefonte project on a daily basis. The round trip distance is 165 miles. On their returns for the 1980 and 1981 taxable years, petitioners claimed automobile expenses as an employee business expense deduction in the amounts of $6,408.35 and $5,554.00, respectively. These deductions were disallowed by respondent. OPINION Respondent argues that petitioners are not entitled to deduct the expenses at issue because (1) the expenses were not incurred "while away from home"; (2) petitioner's residence in Alabama was maintained for personal rather than business reasons; and (3) petitioner's employment by TVA was indefinite rather than temporary. Personal *219 expenses are ordinarily not deductible. Section 262. Section 162(a)(2), however, allows the taxpayer to deduct certain expenses if they are traveling expenses paid or incurred while "away from home in the pursuit of a trade or business" if he can establish they were: (1) Reasonable and necessary traveling expenses; (2) incurred while "away from home"; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465 (1946); Foote v. Commissioner,67 T.C. 1, 3 (1976). This Court has held that a taxpayer's "home" for the purposes of section 162(a)(2) is the vicinity of his principal place of business whenever his personal residence is not located in the same vicinity. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Kroll v. Commissioner,49 T.C. 557 (1968). There is however an exception to this rule when a taxpayer with a well-established tax home accepts temporary employment as opposed to indefinite or indeterminate employment elsewhere. In this context, temporary employment means the sort of employment in which termination within a short period of time could be logically expected and *220 foreseen. Groover v. Commissioner,714 F.2d 1103 (11th Cir. 1983), affg. a Memorandum Opinion of this Court; Albert v. Commissioner,13 T.C. 129, 131 (1949). See also McCallister v. Commissioner,70 T.C. 505, 509 (1978). On the other hand, whenever termination of employment cannot be expected or foreseen within a fixed or reasonably short period of time, the taxpayer's tax home shifts to such place of employment so that he cannot satisfy the "away from home" requirement. Verner v. Commissioner,39 T.C. 749 (1963). Furthermore, when employment which was temporary in contemplation at the date of its commencement becomes indeterminate in duration, then "the situs of such employment for purposes of the statute becomes the taxpayer's home." Kroll v. Commissioner,49 T.C. at 562. Employment may change from temporary to indefinite due to changed circumstances or simply by the passage of time. Norwood v. Commissioner,66 T.C. 467, 470 (1976). Whether a taxpayer's employment is "temporary" as opposed to "indefinite," "substantial," or "permanent" is a question of fact. Peurifoy v. Commissioner,358 U.S. 59, 60 (1958); *221 Groover v. Commissioner,supra;Mitchell v. Commissioner,supra.Among the relevant factors to be considered is whether the taxpayer logically expected that the employment would last for a short period of time or that the job itself would not extend beyond a reasonably brief duration. Groover v. Commissioner,supra.The burden of proving that his employment was temporary rests on petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In the present case it is clear that during 1980 and 1981 termination of petitioner's employment on the Bellefonte project could not be logically expected or foreseen within a fixed or reasonably short period of time. The contract of employment provided that petitioner would be employed until his services were no longer needed. The fact that petitioner's contract stated that he was a temporary employee is not determinative of the issue herein. Garlock v. Commissioner,34 T.C. 611 (1960); Terry v. Commissioner,T.C. Memo. 1984-457. We understand the confusion caused by the fact that the meaning of the word "temporary" in petitioner's *222 work contract is different from the meaning of the word "temporary" as a term of art for business expense purposes under section 162. In view of the extensive judicial precedent on this tax issue, petitioners must look to the Congress for establishment of a different rule. The projected completion date for the Bellefonte project was continuously revised and extended into the future. There was no reason to believe during 1980 and 1981 that the job would not extend indefinitely into the future. The fact that all electrician assignees were laid off during 1980 does not lead us to conclude that petitioner's job would terminate within a short period of time by reason of being laid off, Terry v. Commissioner,supra, and in fact petitioner's job did continue. From 1979 through 1981 the number of journeymen electricians remained relatively constant. Neither is it relevant that it may not have been reasonable for petitioners to have acquired a permanent residence in the area of the Bellefonte project if one could have been located. It is clear from the record that during 1980 and 1981 petitioner's employment was indefinite. Petitioner has not met the "away from *223 home" requirement; hence petitioner's traveling expenses are not deductible under section 162(a)(2). [4]
Petitioners on their 1980 and 1981 income tax returns deducted utility tax in the amounts respectively of $85.16 and $62.67, which are Federal excise taxes. In addition, on the 1981 return, $34.22 of telephone tax, also a Federal excise tax, was deducted. Petitioners conceded respondent's disallowance as to 1980. Federal excise taxes are plainly nondeductible. Sections 164 and 275; section 1.164-2(f), Income Tax Regs.
Decision will be entered for the respondent. *224 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This is one of a group of six cases involving hourly workmen at the Bellefonte project, all of whose cases were consolidated for trial only.↩
3. Although the completion dates have been revised, no reactors have been deferred or cancelled at the Bellefonte plant.↩
4. Our attention was called to two summary opinions, Cook v. Commissioner, T.C. Summary Opinion 1980-752, and Atnip v. Commissioner,↩ T.C. Summary Opinion 1980-761, which petitioner believes to have involved employment on the Bellefonte project. In each case the taxpayers were allowed travel expense deductions. Neither opinion sets forth the facts of this particular case so we cannot compare those cases to any of this group of six cases. However, those were summary opinions and they are not precedent for any other case, although we of course recognize that all of our opinions should be consistent.