DON. C. DeSARGENT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Sargent v. Commissioner
Docket No. 21057-83.
United States Tax Court
T.C. Memo 1986-393; 1986 Tax Ct. Memo LEXIS 211; 52 T.C.M. (CCH) 246; T.C.M. (RIA) 86393; August 25, 1986. Don E. DeSargent, pro se. Margueritte Britton, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $5,490.37 *212 and an addition to tax under section 6651(a) [1] in the amount of $192.59. The issues for our consideration are whether petitioner properly claimed employee business expense deductions in the amount of $11,398.00 and whether he is liable for an addition to tax for filing his return late. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein, as are petitioner's exhibits 3, 4, and 5, admitted into evidence without objection by respondent after trial but before the record in this case was closed. Petitioner resided in New York City when he filed his petition.His 1978 tax return, filed on October 15, 1980 with the Ogden, Utah Internal Revenue Service Center, used the married filing separate status. Petitioner timely submitted to the Ogden Service Center a Form 4868 Application for Extension of Time to File U.S. Individual Income Tax Return for the 1978 tax year. The application, dated April 11, 1979, was *213 denied by the director of the Ogden Service Center on May 15, 1979, apparently without explanation. On his 1978 income tax return petitioner deducted $11,398 as employee business expenses, consisting of $2,950 for transportation and $8,448 for meals and lodging. Respondent disallowed the entire amount for lack of substantiation, because petitioner was not away from home when the expenses were incurred, and because they are personal, not business expenses. Petitioner is an elderly gentleman who impressed the Court as being sincere and truthful. He has spent most of his life serving his country in various capacities, both military and civilian. In the armed forces he was a chief pharmacist's mate. He is an engineer, and holds marine and air conditioning-refrigeration licenses. Unfortunately, this case involves incidents that occurred eight years ago, and petitioner's memory was understandably hazy on details. Most documentation that would have provided additional substantiation has long since disappeared. In 1975 petitioner left New York to look for engineering work in Alaska. He rented an apartment in Anchorage and temporarily took a nursing job working with Indians and *214 Eskimos. In late 1976 or early 1977 petitioner began a permanent job as an engineer at an air force base in a remote mountain area. Transportation to Anchorage was only by bush pilot or military transport. During the year in issue, free housing was provided at the base, but petitioner kept his apartment in Anchorage, which cost $200 per month. [2] Petitioner purchased his food at the base. Petitioner kept his apartment (1) because he was required to have a place where he could be reached when away from the base, (2) because he needed a place to keep his tools and personal things, and (3) as a place to spend free time. Petitioner claimed a deduction for $2,950.00 in transportation fares. Petitioner submitted six airline tickets showing charges of $1,129.00 incurred traveling between Anchorage and Seattle, St. Paul, and New York. Petitioner testified that he also flew between the military base and Anchorage approximately three times a month, at a cost ranging from $200 to $500 round trip, depending on *215 whether he used a bush pilot or military transport. No documents were offered to substantiate these amounts. Petitioner testified that at least three of these trips were required for surgery to his jaw and that additional trips were taken for vacation and weekend leave purposes. Petitioner flew to New York once for a back problem and a second time when his mother's apartment was ransacked. Petitioner deducted $8,448 for meals and lodging. He submitted rent receipts from Alaska for 1978 in the amount of $2,400. In addition, petitioner paid rent on his mother's apartment in New York and deducted the cost of that apartment. Finally, petitioner substantiated $2,876 in 1978 moving expenses, incurred to store his mother's things when her apartment was vandalized. Petitioner also testified he spent $350 for a coat, $65 to $100 for boots, and $200 to $250 for tools. Petitioner offered no substantiation of any of these amounts, however, and his recollection was vague. OPINION The determinations made by respondent in his notice of deficiency are presumed correct. Petitioner has the burden of proving those determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); *216 Rule 142(a). Personal expenses are ordinarily not deductible. Sec. 262. Petitioner's travel to New York, rent on his mother's apartment, and the costs of storing her furniture are personal expenses, and are not deductible in any event. Section 162(a)(2), however, allows a taxpayer to deduct certain traveling expenses paid or incurred while away from home in the pursuit of a trade or business if he can establish the traveling expenses were (1) reasonable and necessary, (2) incurred while "away from home," and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Foote v. Commissioner,67 T.C. 1, 3 (1976). We hold that petitioner's claimed expenses were not incurred away from home, nor were they business expenses. This Court has held that a taxpayer's "home" for the purpose of section 162(a)(2) is the vicinity of his principal place of business whenever his personal residence is not located in the same vicinity. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Kroll v. Commissioner,49 T.C. 557 (1968). There is, however, an exception to this rule when a taxpayer *217 with a well-established tax home accepts temporary employment as opposed to indefinite employment elsewhere. In this context, temporary employment means the sort of employment in which termination within a short period of time could be logically expected and foreseen. Groover v. Commissioner,714 F.2d 1103 (11th Cir. 1983), affg. a Memorandum Opinion of this Court; Albert v. Commissioner,13 T.C. 129, 131 (1949). See also McCallister v. Commissioner,70 T.C. 505, 509 (1978). On the other hand, whenever termination of employment cannot be expected or foreseen within a fixed or reasonably short period of time, the taxpayer's tax home shifts to such place of employment so that he cannot satisfy the "away from home" requirement. Verner v. Commissioner,39 T.C. 749 (1963). Petitioner contends his residence in 1978 was Anchorage. However, he acknowledges that his job at the air force base was permanent: "[I]t was permanent as long as you wanted it * * *." We so hold. Therefore, petitioner's "home" for the purpose of sec. 162(a)(2) was the air force base, and petitioner does not fall within the exception to the *218 Mitchell rule. We understand and sympathize with petitioner's desire to maintain an apartment in Anchorage, but we find that his reasons for doing so were predominantly personal. Although he testified that his employer required him to have a place where he could be reached, we think this could have been satisfied by leaving a telephone number where he could have been reached, such as a hotel or even a union hall. Petitioner did not present evidence he was required to maintain a permanent apartment to meet this requirement. Therefore, rent on the Anchorage apartment and transportation between the base and Anchorage are not deductible. The cost of petitioner's food, eaten on the base, is also a personal and nondeductible expense. Sec. 1.262-1(b), Income Tax Regs.
Petitioner's testimony regarding amounts spent for clothing and tools was general and unsubstantiated. Some of the items were for personal clothing. We hold he did not carry his burden of proving entitlement to more than $350.00, the amount claimed on his return and allowed by respondent. Petitioner offered some evidence of medical expenses incurred in 1978. He estimated that a trip to New York for back pain *219 caused by muscular strain cost approximately $700. However, petitioner provided no medical records or other verification, and expressed some uncertainty that this occurred in 1978. We therefore can given little weight to this testimony. However, testimony concerning petitioner's jaw surgery was more detailed and credible. He produced a memorandum verifying absence from work for medical reasons in March 1978. Although the memorandum is not specific regarding the medical problem, it is some substantiation that petitioner was treated by a doctor in 1978, and lends support to his testimony. Petitioner was unable to specify how much of the dental surgeon's bill was covered by insurance. However, he testified he was required to make three round trip flights to Anchorage for the surgery and follow-up examinations. Based on petitioner's testimony that he usually paid between $200 and $500 per trip, we find that petitioner incurred $900 in medical expenses in 1978. See Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). We turn now to the question of whether petitioner is liable for an addition to tax under section 6651(a) for filing his return late. Although petitioner *220 sought an extension (which was, perhaps arbitrarily, denied) he did not file his 1978 return until October 15, 1980, 18 months after the return was due. To escape the addition to tax, petitioner must show his failure to timely file is due to reasonable cause and not due to willful neglect. See section 6651(a)(1). Petitioner's explanation is that he had to go to Anchorage to have his return prepared, as the military people on the base would not do it. He gave it to a tax return preparer in Anchorage, who sent it to the wrong address. Then he had to have it redone. He had to keep postponing the chore due to difficulty catching a flight out of the base. Finally, he decided to wait until he was back in the "lower 48" "to get a CPA or somebody equal" to do it. While we sympathize with petitioner's frustration, we are not satisfied that he had to wait as long as he did to file. We therefore hold that petitioner has not shown his failure to timely file is due to reasonable cause. We sustain respondent's imposition of the addition to tax. To reflect the medical expense allowed, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although petitioner testified he paid about $225 monthly rent, he submitted Alaska rent receipts in the amount of $2,400. We therefore find he paid $200 per month rent.↩