FRANK J. STAPLETON AND DIANE L. STAPLETON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, RespondentStapleton v. CommissionerDocket Nos. 11875-84, 11876-84.United States Tax CourtT.C. Memo 1986-557; 1986 Tax Ct. Memo LEXIS 52; 52 T.C.M. (CCH) 1051; T.C.M. (RIA) 86557; November 20, 1986. *52 During the taxable years in issue, petitioner was employed as an ironworker at a construction site. He worked steadily at that site for a total of 3-1/2-years, except for 2 separate 1-week breaks in employment. Respondent disallowed petitioner's deductions of automobile expenses attributable to traveling between his residence and place of employment. Held, petitioner has failed to establish that during the taxable years in issue his employment was "temporary," rather than "indefinite" or of "indeterminate" duration, for purposes of sec. 162, I.R.C. 1954. Accordingly, the automobile expenses attributable to his traveling to and from his place of employment are not deductible. Frank J. Stapleton and Diane L. Stapleton, pro se. Joellyn R. Cattell, for the respondent. STERRETTMEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: In these consolidated cases, respondent determined by separate notices of deficiency dated January 31, 1984 deficiencies in the Federal income taxes of petitioners for the taxable years ended December 31, 1981 and December 31, 1982 in the amounts of $662 and $1,226, respectively. After concessions, 1 the only issue remaining for decision is whether *53 petitioners are entitled to deduct automobile expenses attributable to petitioner Frank J. Stapleton's traveling between his residence and place of employment as employee business expenses. The resolution of this issue depends upon whether his employment is found to be "temporary" within the meaning of section 162. 2 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulated facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, Frank J. Stapleton (hereinafter petitioner) and Diane L. Stapleton, husband and wife, resided in Franklinville, New Jersey at the time they filed their petitions. They filed timely joint Federal income tax returns for the 1981 and 1982 taxable years with the Internal Revenue Service Center in Holtsville, New York, using the cash receipts and disbursements *54 method of accounting. On the returns, petitioner deducted his travel expenses to and from his place of employment. Petitioner claimed the amounts of $3,201 for 16,830 miles and $3,245 for 17,226 miles for the 1981 and 1982 taxable years, respectively. During the taxable years in issue, petitioner was employed by Bechtel Power Corporation (Bechtel) as an ironworker. He worked at its Salem nuclear power plant construction site, Hope Creek Project, located in or near Hancock's Bridge in Salem County, New Jersey. He commenced this employment in November 1980 and, except for two separate 1-week breaks in employment, worked there continuously until he was laid off in May 1984. Bechtel executed a letter, dated February 13, 1984, which stated -- Be advised that Frank J. Stapleton is employed as an Ironworker Journeyman at Bechtel Power Corporation's Hope Creek Project located in Hancock's Bridge, New Jersey. Per Ironworkers collective bargaining agreement Frank J. Stapleton (SS#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) is not reimbursed for travel, lodging, meal expenses, etc. Ironworkers are referred for employment through Local Union #399. The Hope Creek Project is under construction; manual craftsmen are not permanent *55 employees who relocate with the company when construction activity is completed. Local Union #399 is an out-of-state union for this job; petitioner worked at this site under a so-called "traveler's permit." In the statutory notices of deficiency, respondent determined deficiencies in petitioner's Federal income taxes for the 1981 and 1982 taxable years based upon the disallowances of petitioner's deductions of automobile expenses attributable to traveling between his residence and place of employment. ULTIMATE FINDING OF FACT Petitioner has failed to establish that his employment was "temporary" for purposes of section 162. OPINION The sole issue for decision is whether respondent properly disallowed the deductions of petitioner's travel to and from his place of employment during the taxable years in issue. Commuting expenses to and from a taxpayer's place of employment are nondeductible personal expenses. Sec. 262; 3sec. 1.262-1(b)(5), and sec. 1.162-2(e), Income Tax Regs.; Commissioner v. Flowers,326 U.S. 465 (1946). The parties have chosen to frame the issue before us in terms of whether petitioner's employment was "temporary" as compared to "indefinite" or of "indeterminate" *56 duration. Peurifoy v. Commissioner,358 U.S. 59, 61 (1958); Norwood v. Commissioner,66 T.C. 467, 469 (1976). Petitioner bears the burden of proving that his employment was "temporary," within the meaning of section 162, 4*57 during the taxable years in issue. Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933). For the reasons set forth below, we find for respondent. As previously stated *58 by this Court, for purposes of section 162 "[e]mployment is considered temporary if it 'can be expected to last for only a short period of time,'" Norwood v. Commissioner,supra at 469, quoting Tucker v. Commissioner,55 T.C. 783, 786 (1971). That is, "temporary" employment is the sort of employment in which termination can be foreseen within a short period of time. Albert v. Commissioner,13 T.C. 129, 131 (1949). In comparison, employment is considered "indefinite," "insubstantial," or for an "indeterminate" period of time if "its termination cannot be foreseen within a fixed or reasonably short period of time," Mitchell v. Commissioner,74 T.C. 578, 581 (1980), quoting Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Employment is not "temporary" even if it is known that it will or may terminate upon a future date if "it is expected to last for a substantial or indefinite period of time." Norwood v. Commissioner,supra at 469-470. The determination of whether employment is "temporary" or "indefinite" is a question of fact. Schurer v. Commissioner,3 T.C. 544, 546 (1944), cited with approval in Peurifoy v. Commissioner,supra at 61. 5*59 During the taxable years in issue, petitioner was employed by one employer, Bechtel, at one construction site, the Hope Creek Project. He worked there continuously from November 1980 until May 1984, except for two separate 1-week breaks in employment at unidentified times during this 3-1/2-year period. Clearly, these two short breaks cannot establish that his employment was "temporary." In Blatnick v. Commissioner,56 T.C. 1344, 1348 (1971), we found the taxpayer's employment to be for a "substantial, indefinite, and indeterminate period of time" even though the taxpayer's work on a construction site was interrupted by periodic layoffs. As stated therein, "[b]rief interruptions of work at a particular location do not, standing alone, cause employment which would otherwise be 'indefinite' to become 'temporary.'" Nevertheless, petitioner contends that his employment was "temporary" during 1981 and 1982. Petitioner relies in part on a letter written by Bechtel in February *60 1984 that states that he was not a permanent employee. At trial, it was asserted that the automobile expenses claimed with respect to petitioner's travel costs to and from work were not reimbursed by his employer specifically because he was not considered to be a permanent employee. However, the label or designation of petitioner's job by his union or employer is not determinative. Garlock v. Commissioner,34 T.C. 611, 616 (1960). The issue here is whether petitioner's employment was "temporary," as a term of art, for purposes of section 162. Petitioner also argues that the employment was "temporary" because there always was the threat of his being laid off. Apparently, petitioner worked under a "traveler's permit" and received his job through a non-local union. However, petitioner Diane L. Stapleton testified that her husband was skilled as both a "rod man" and a "special arc welder." She has failed to introduce any evidence that might indicate, based upon the number of available workers having those same skills, or upon the location or nature of the construction project, for examples, that petitioner's termination could be foreseen within a short period of time as of either of *61 the taxable years in issue. 6Additionally, the fact that petitioner may not have had any assurance of the duration of his job does not determine whether his employment was "temporary" or "indefinite." McCallister v. Commissioner,70 T.C. 505, 510 (1978). Even if the employment were not permanent, "the mere absence of permanence does not necessarily imply that degree of temporariness which would allow deductibility of traveling expenses." Garlock v. Commissioner,supra at 616. 7 Also, the fact that petitioner was laid off from this employment in 1984 cannot, in hindsight, be determinative of whether the employment was "temporary" or "indefinite" as of 1981 or 1982. We conclude that petitioner has failed to establish that his employment was "temporary," rather than "indefinite" or of "indeterminate" duration, during either of the taxable years in issue. Accordingly, we sustain respondent's determinations that the automobile expenses attributable to petitioner's traveling between his residence and place *62 of employment are not deductible under section 162. Based on the above, and respondent's concession in docket No. 11875-84, Decision will be entered under Rule 155 in docket No. 11875-84.Decision will be entered for the respondent in docket No. 11876-84.Footnotes1. Respondent has conceded that petitioners are entitled to a deduction for casualty/theft losses, as claimed in 1982. ↩2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩3. Section 262 provides as follows: SEC. 262.PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩4. Section 162 provides in relevant part as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * * (2) traveling expenses * * * while away from home in the pursuit of a trade or business; * * *. In the statutory notices of deficiency, respondent determined that, because petitioner was employed by the same employer for more than 1 year, the employment is "considered indefinite and not temporary," so that his automobile expenses are "considered personal commuting expenses and are not deductible." However, on brief, respondent cites section 162 as "allow[ing] a deduction for travel expenses when an individual incurs such expense while away from home in pursuit of a trade or business." Therefore, it is unclear whether respondent argues that the travel expenses in issue here are not deductible based upon section 162(a), as personal commuting expenses, or section 162(a)(2), as not incurred while "away from home." See Frederick v. United States,603 F.2d 1292, 1295 n.5 (8th Cir. 1979); Turner v. Commissioner,56 T.C. 27, 30-31 (1971), vacated and remanded on respondent's motion by unpublished order (2d Cir. Mar. 21, 1972); see also Allison v. Commissioner,T.C. Memo. 1986-346 & n.8 The record does not state whether petitioner traveled to work on a daily basis or whether the trips required sleep or rest. However, the parties have framed the issue as whether petitioner's employment was either "temporary" or "indefinite," and we shall decide the case on that basis. Therefore, we need not address the issue of petitioner's "tax home" or whether the trips occurred while he was "away from home."↩5. But see Walraven v. Commissioner,T.C. Memo. 1986-205 (temporary-versus-indefinite question is one of mixed fact and law, citing Cockrell v. Commissioner,321 F.2d 504, 507 (8th Cir. 1963), affg. 38 T.C. 470↩ (1962)).6. See Walraven v. Commissioner,supra;Barela v. Commissioner,T.C. Memo. 1981-405↩.7. See also Kennedy v. Commissioner,T.C. Memo. 1970-58, affd. per curiam 451 F.2d 1023↩ (3d Cir. 1971).