Edward M. DAHOOD, Jr., Wilfred and Diane Masse, George H. and Alice A. Senecal, Edward J. Young, Plaintiffs, Appellants,

v.

UNITED STATES, Defendant, Appellee.

No. 84–1306.

United States Court of Appeals, First Circuit.

Argued Sept. 14, 1984.

Decided Nov. 1, 1984.

Aline H. Lotter, Manchester, N.H., for plaintiffs, appellants.

Joan I. Oppenheimer, Atty., Tax Div., Dept. of Justice, Washington, D.C., with whom W. Stephen Thayer, III, U.S. Atty., Concord, N.H., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Atty., Tax Div., Dept. of Justice, Ann Belanger Durney, Atty., Tax Div., Dept. of Justice, Washington, D.C., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, COWEN,[*] Senior Circuit Judge, and BREYER, Circuit Judge.

COWEN, Senior Circuit Judge.

This is an appeal from a judgment of the district court, 585 F.Supp. 93, disallowing federal income tax deductions claimed by plaintiffs for transportation expenses. The judgment was based on a finding that plaintiffs' employment as construction workers at the Seabrook nuclear power plant in New Hampshire was for an indefinite, rather than a temporary, period. We affirm.

### I.

Plaintiffs are four ironworkers who have been employed in the ongoing construction of a nuclear power plant in Seabrook, New Hampshire.[1] During the tax years in issue, plaintiffs Edward M. Dahood, Jr., Wilfred Masse, and George H. Senecal were residents of the Manchester, New Hampshire area, approximately 50 miles

from Seabrook. The fourth plaintiff, Edward J. Young, listed his residence on his tax return as Hampton Falls, New Hampshire, which is within 5 miles of Seabrook, but apparently claimed travel expenses based on a residence more distant from the plant. Each plaintiff commuted daily between his residence and Seabrook and claimed deductions on his federal income tax return for transportation expenses.

The Internal Revenue Service (IRS) disallowed these deductions, and deficiencies were assessed on Dahood and Masse for 1978, on Senecal for 1979, and on Young for 1980. Plaintiffs paid the deficiencies, and after their claims for refund were denied, each commenced a suit for refund in the United States District Court for New Hampshire. The district court consolidated the claims, and then denied them in response to the parties' filing of cross-motions for summary judgment.

The unchallenged findings of the district court regarding the times worked by taxpayers are as follows:

Plaintiff Dahood commenced work at Seabrook in late December 1977. He was laid off briefly in June and July 1978, his tax year in issue (for periods totaling 5 weeks), and has continued to work there at all relevant times. During the time he was laid off, he did not seek employment elsewhere through his local union.

Plaintiff Masse commenced working at Seabrook in October 1977 and remained there until late November 1977. He returned in early December 1977, and worked until July 21, 1978. For 9 days (August 1 through August 15, 1978), he worked elsewhere. He returned to Seabrook on August 16, 1978, and continued there until at least May 30, 1980. Therefore, he was employed at Seabrook for all but 4 weeks of 1978, his tax year in issue.

Plaintiff Senecal commenced his work at Seabrook in the Summer of 1978, and dur-

---

[*] Of the Federal Circuit, sitting by designation.

**1.** The wives of plaintiffs Wilfred Masse and George H. Senecal are also parties to this litigation, because joint tax returns were filed. A fifth plaintiff in the original action, Raymond M. Welch, chose not to join in this appeal.

ing his tax year in issue (1979), he was employed there for all but 3 weeks. He has continued employment to the present. During his 3-week layoff in 1978, he did not seek employment elsewhere.

Plaintiff Young was employed at Seabrook from January 1 through June 27, 1980, his tax year in issue. He quit on the latter date to work for Dorel Steel from July 7 through September 13, 1980. He quit his job at Dorel and returned to Seabrook to work from September 15 through December 31, 1980. He continued to work there until November 1981, when he left to go to Florida for 2 months.

## II.

Plaintiffs contend that they are entitled to take a deduction for their transportation expenses under section 162(a) of the Internal Revenue Code (I.R.C.), 26 U.S.C. § 162(a). This statute permits a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." [2] As a general rule, however, daily commuting expenses are considered "personal, living or family expenses," which are nondeductible under I.R.C. § 262. *Fausner v. Comm'r*, 413 U.S. 838, 839, 93 S.Ct. 2820, 2821, 37 L.Ed.2d 996 (1973); Treas. Reg. § 1.262–1(b)(5). This rule is based on the assumption that people will choose to live near their place of employment. If they choose to live far from the workplace, the resulting travel costs are considered to be incidental to a personal choice, rather than a business necessity. *Kasun v. United States*, 671 F.2d 1059, 1061 (7th Cir. 1982); *Frederick v. United States*, 603 F.2d 1292, 1295 (8th Cir.1979).

A judicial exception has been carved out of this general rule to cover instances when people commute long distances to their workplaces for business, rather than personal, reasons. This exception permits taxpayers to deduct commuting expenses to a job that is temporary, as opposed to indefinite, in duration. *See Peurifoy v. Comm'r*, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958); *Neal v. Comm'r*, 681 F.2d 1157, 1158 (9th Cir.1982); *Boone v. United States*, 482 F.2d 417, 419 (5th Cir.1973). The exception has been deemed necessary because "it is not reasonable to expect people to move to a distant location when a job is foreseeably of limited duration." *Kasun*, 671 F.2d at 1061. Implicit in this exception is the requirement that the taxpayer commute to a worksite distant from his or her residence. Without such a requirement, the absurd result would obtain of permitting a taxpayer, who commuted to a succession of temporary jobs, to deduct commuting expenses, no matter how close these jobs were to his residence.

In Rev.Rul. 53–190, 1953–2 C.B. 303, 305, the IRS announced a two-pronged test which recognizes the need for such a prerequisite to the "temporary or indefinite" test. In that case, which involved the deductibility of commuting expenses for a construction worker, the IRS ruled that such expenses were deductible when it was shown (1) that he was employed for a strictly temporary (as distinguished from an indefinite) period, and (2) that he was employed on a construction project which was situated at a distance from the metropolitan area in which he was regularly employed.[3]

In *Harris v. Comm'r*, 49 T.C.M. (P–H) 299, 304 (1980), *aff'd in part and remanded in part*, 679 F.2d 898 (9th Cir.1982),[4] the

---

**2.** Plaintiffs do not raise their claims under I.R.C. § 162(a)(2), which permits a deduction for traveling expenses incurred "while away from home," because this subsection applies only for trips which require sleep or rest away from home. *United States v. Correll*, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967).

**3.** This revenue ruling was expressly sanctioned by Congress in Pub.L. No. 95–427, 92 Stat. 996

(1978), which prohibited the IRS from enforcing a revenue ruling that would have revoked any exception to the nondeductibility rule for commuting expenses.

**4.** The unpublished opinion of the Ninth Circuit reveals that the case was remanded because the evidence was insufficient to support some of the Tax Court's findings of fact.

Tax Court followed this revenue ruling's "classical two-prong analysis" and held that it was unnecessary to determine whether the jobs in question (surveying assignments in the Los Angeles metropolitan area) were temporary, because taxpayer's evidence was insufficient to show that the jobs were "outside the general area of [his] principal or regular place of employment."

In the instant case, the district court made no findings with respect to whether the employment in question was within the general area of plaintiffs' regular employment. The meager record before us indicates that the Seabrook plant may well have been within this general area, since Seabrook was within the jurisdiction of plaintiffs' local union, and the commuting distance for plaintiffs was not especially long. A finding to this effect by the district court would have eliminated the need to determine whether plaintiffs' employment was temporary or indefinite. We need not remand this case for a determination on the question, however, because we sustain the district court's finding with respect to the second element of the two-prong test.

### III.

The district court held that plaintiffs were not entitled to deduct their transportation expenses, because their employment at Seabrook must be classified as "indefinite" rather than "temporary." Plaintiffs challenge this holding on two grounds. First, they contend that the "temporary or indefinite" test should be inapplicable to construction workers, because travel to various worksites is one of the exigencies inherent in the construction industry. Like all other courts which have considered similar arguments, we reject this contention. *See, e.g., Kasun,* 671 F.2d at 1062; *Comm'r v. Peurifoy,* 254 F.2d 483, 486 (4th Cir.1957), *aff'd,* 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958). Unless both elements of the two-prong test are present, we agree with other circuits that there is no convincing way to distinguish the travel expenses

of construction workers from those of ordinary suburban commuters, who cannot find suitable housing close to their urban place of employment and must commute to work. *Kasun,* 671 F.2d at 1062; *Sanders v. Comm'r,* 439 F.2d 296, 299 (9th Cir.1971); *United States v. Tauferner,* 407 F.2d 243, 246 (10th Cir.1969).

Plaintiffs also maintain that the district court erroneously applied the "temporary or indefinite" test. Relying on *Frederick, supra,* they urge that the proper focus of the test should be on whether the taxpayer "reasonably expects" that his job should be temporary. They argue that the district court erred when it applied the reasoning of the Fifth, Seventh, and Ninth Circuits in *Boone, Kasun,* and *Neal,* respectively, since those cases place an unduly harsh burden on taxpayers to prove that their employment was "foreseeably of limited duration" before it can be deemed temporary.

In our view, a close analysis of *Frederick* and the *Boone* line of cases reveals that the differences in their reasoning are more semantic than substantive. It is apparent from all of the foregoing cases that the principal task for finders of fact is to make an *objective* determination of "the taxpayer's prospects for continued employment." *Frederick,* 603 F.2d at 1295; *see also Boone,* 482 F.2d at 419–20. The focus of this determination is on whether "the job, not the taxpayer's pattern of living, * * * require[s] the traveling expenses." *Boone,* 482 F.2d at 420 n. 5; *See also Frederick,* 603 F.2d at 1295; *Kasun,* 671 F.2d at 1061. Therefore, we follow the decisions in *Frederick* and *Kasun,* which rejected the contention, advanced here by plaintiffs, that the court should determine whether it was reasonable for the taxpayer to move his home to the jobsite. 603 F.2d at 1295; 671 F.2d at 1061–62.

It is a fundamental premise of tax law that plaintiffs have the burden of proving that they qualify for the deduction they claim. *Hanover Insurance Co. v. Comm'r,* 598 F.2d 1211, 1219 (1st Cir.1979). In the context of the "temporary or indefi-

**50**

nite" test, this means that unless plaintiffs can show that termination of their employment was foreseeable within a short period of time, their employment will be considered indefinite. *Kasun,* 671 F.2d at 1061; *Boone,* 482 F.2d at 419 n. 4. It should also be remembered that the question of whether employment is temporary or indefinite is factual, and the district court's finding on this question cannot be overturned unless it is clearly erroneous. *Kasun,* 671 F.2d at 1061, *Frederick,* 603 F.2d at 1296.

■ In the instant case, we hold that the district court's finding that plaintiffs did not carry their burden was not clearly erroneous. Plaintiffs were able to establish only that a number of uncertainties surrounded the construction of the Seabrook plant, leading them reasonably to believe that their prospects for continued employment there were uncertain. Plaintiffs did not show, however, that layoffs or termination of their employment were foreseeable at any time, or that if they were to be laid off, they would not be rehired on a priority basis. Thus, the present facts are markedly distinguishable from those in *Frederick,* where the taxpayer showed that layoffs were foreseeable, both in winter and when change orders occurred, and that laid-off workers were unlikely to be rehired.

As the district court correctly noted, a litany of cases has disallowed commuting expense deductions for construction workers at nuclear power plant sites, despite the considerable uncertainty surrounding the continued construction of those plants. *See, e.g., Groover v. Comm'r,* 714 F.2d 1103 (11th Cir.1983); *Neal, supra; Kasun, supra; Lollis v. Comm'r,* 45 T.C.M. (CCH) 732, 734 (1983). Although as noted above, the proper focus of the "temporary or indefinite" test is on the taxpayer's *prospects* for future employment, the duration of a taxpayer's actual employment can have considerable probative value in this difficult assessment, which must often entail speculation about conditions in a past tax year. We therefore agree with the district court that it is significant that plaintiffs' employment at Seabrook lasted substantially longer than one year, the IRS's "usual line of demarcation between temporary and non-temporary employment." Rev.Rul. 60–189, 1960–1 C.B. 60, 63; *accord, Kasun,* 671 F.2d at 1062, *Boone,* 482 F.2d at 420.

Accordingly, the judgment of the district court is

AFFIRMED