**Nester and LaVain M. ELLWEIN, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. A2–81–188.**

United States District Court, D. North Dakota, Northeastern Division.

June 10, 1986.

Garry A. Pearson, Pearson & Christensen, Grand Forks, N.D., for plaintiffs.

Frank Gokey, Tax Div., Dept. of Justice, Washington, D.C., Rodney Webb, U.S. Atty., Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER

BENSON, Senior District Judge.

Section 162(a) of title 26 of the United States Code permits a deduction from gross income for "all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). Commuting expenses are deductible under section 162(a) when the taxpayer's employment is temporary and the commute takes the taxpayer outside the work area of his tax home. *Ellwein v. United States*, 778 F.2d 506, 512 (8th Cir.1985); *Dahood v. United States*, 747 F.2d 46, 48 (1st Cir.1984). The issue in this case is whether two work sites, at which Plaintiff Nester Ellwein's employment was temporary, fell inside or outside the work area of his tax home.

### Procedural History

Plaintiffs Nester and LaVain M. Ellwein, husband and wife, brought this lawsuit for a refund of income taxes assessed against and paid by them for the year 1979. After a non-jury trial, the district court ruled Nester Ellwein's tax home for 1979 was in Pick City, North Dakota, rather than in Lakota, North Dakota, where he maintained a home with his wife. *Ellwein v. United States*, 577 F.Supp. 1368, 1374 (D.N.D.1983), *aff'd in part, rev'd in part*, 778 F.2d 506 (8th Cir.1985). In reaching this conclusion, the court determined Nester Ellwein's prospects for employment at various work sites in the area around Pick City were for employment lasting a substantial or indefinite period of time. *Id.* Accordingly, the court held Nester Ellwein's expenses of travel between Lakota and Pick City, and of his lodging and subsistence while at Pick City are not deductible as "away from home" expenses under section 162(a)(2), title 26, United States Code.

The district court also held that Nester Ellwein's expenses of commuting between Pick City and the Coal Creek, Coyote, and Antelope Valley plants are deductible under section 162(a). *Id.* at 1375. Although Ellwein lived in Pick City, he commuted to these three work sites for employment in 1979. The court concluded Ellwein's prospects for employment at each of these sites was for temporary employment, *id.*, and that each is "a considerable distance from Pick City." *Ellwein v. United States*, Civ. No. A2–81–188 (D.N.D. May 8, 1984) (order denying motion to amend judgment).

The Eighth Circuit Court of Appeals affirmed the district court's holding that Nester Ellwein's expenses of travel between Lakota and Pick City, and of his lodging and subsistence while at Pick City are not deductible under section 162(a)(2). *Ellwein*, 778 F.2d at 511. The court of appeals reversed the district court's holding that Nester Ellwein's expenses of commuting between Pick City and the Coyote and Antelope Valley plants are deductible under section 162(a). *Id.* at 512. The court of appeals reasoned "[t]he district court failed to specifically find that each of Ellwein's temporary jobs was so distant from his Pick City residence and tax home that his business deduction for commuting expenses was justified." *Id.* Consequently, the court of appeals remanded the case for further consideration "of whether Ellwein's employment at the Coyotte [sic] plant and the Antelope Valley plant ... fell inside or outside the work area of his tax abode at Pick City." *Id.* With regard to Nester Ellwein's employment at the Coal Creek plant, the court of appeals directed "the district court to enter judgment disallowing Ellwein's claimed deduction for his commuting expenses between Pick City and the Coal Creek plant." The court of appeals reasoned:

Ellwein obtained employment at Coal Creek in late 1978. Shortly after he began work there, Ellwein moved his trail-

er to Pick City, which was approximately twenty-five miles from the plant. We must therefore conclude that the taxpayer located his trailer at Pick City in order to conveniently commute to his job at Coal Creek and that the Coal Creek plant fell within the area of the taxpayer's tax abode at Pick City.

*Id.*

### Facts

During the time period in question, Nester Ellwein was a boilermaker who obtained employment through the union ladder system. In the fall of 1978, Ellwein's union referred him to a construction job at the Coal Creek plant in central North Dakota. This job lasted until June 29, 1979. Within a week after the termination of this employment, Ellwein's union referred him to a construction job at the Coyote plant in central North Dakota. Ellwein worked at this job for six weeks until he became ill. In the late fall of 1979, Ellwein recovered from his illness and his union referred him to a construction job at the Antelope Valley plant in central North Dakota. Ellwein worked at this job until illness forced him to quit in June of 1980.

Since 1970, Nester and LaVain Ellwein have maintained a home in Lakota, North Dakota, which is in the northeastern part of the state. In the fall of 1978, Nester Ellwein moved a trailer home to Pick City, North Dakota. Ellwein moved the trailer home to Pick City because construction of several power plants in central North Dakota meant prospects for the employment of boilermakers for an indefinite or substantially long period of time. Ellwein tried but was unable to find a spot for his trailer in Beulah or Hazen, North Dakota, which are closer to the power plants.

During 1979, Nester Ellwein commuted from his residence in Pick City to his jobs at the Coal Creek, Coyote, and Antelope Valley plants. The distance from Pick City to the Coal Creek plant is twenty-five miles, the distance to the Coyote plant is thirty-nine miles, and the distance to the Antelope Valley plant is forty-five miles.

### Analysis

The Ellweins argue the Coyote plant and the Antelope Valley plant fell without the work area of Nester Ellwein's tax home at Pick City. The Ellweins contend the normal commuting distance for a boilermaker is fifteen miles. They also contend Nester Ellwein moved his trailer home as close as possible to the work sites. Because Nester Ellwein moved his trailer home as close as possible to the work sites, but his commute to those sites exceeded fifteen miles, they contend the work sites fell outside the work area of his tax home.

The court rejects any rule of law in this area based upon that which is a normal commuting distance for a certain type of worker. A rule of law of this type would be unworkable. In many cases it would be impossible to determine the normal commuting distance for a certain type of worker. Moreover, a rule of this type would result in different tax treatment for taxpayers depending upon their occupation. The work area of a tax home should be the same regardless of occupation.

The court concludes the Coyote and Antelope Valley plants fell within the work area of Nester Ellwein's tax home at Pick City. The court of appeals held the Coal Creek plant was within the work area of Ellwein's tax home at Pick City. *Ellwein,* 778 F.2d at 512. The distance from Pick City to that plant is twenty-five miles. The distance to the Coyote plant is only fourteen miles farther, and the distance to the Antelope Valley plant is only twenty miles farther. The direction provided by the Court of Appeals suggests a standard which, under the facts of this case, places the Coyote plant and the Antelope plant within the work area of Pick City. Nester Ellwein could conveniently commute to all three plants from his residence in Pick City.

This conclusion is consistent with the district court's determination that Nester Ellwein's tax home for 1979 was Pick City. In determining that Pick City was Nester Ellwein's tax home, the court aggregated the prospects for his employment at all of

the plants under construction in central North Dakota. *Ellwein*, 577 F.Supp. at 1374. These plants included the Coyote and Antelope Valley plants. Because Nester Ellwein's prospects for employment at these plants were used in determining that Pick City was his tax home, they logically should fall within the work area of that tax home.

**Conclusion and Order for Judgment**

Although Nester Ellwein's prospects for employment at each of the plants he worked at during 1979 was for temporary employment, each of those plants fell within the work area of his tax home at Pick City. Consequently, Ellwein's expenses of commuting between Pick City and the Coal Creek, Coyote, and Antelope Valley plants are not deductible under section 162(a).

IT IS ORDERED judgment be entered for dismissal of Plaintiffs' complaint and cause of action.