ARTHUR EDWARD COLLINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ARTHUR E. and YOLANDE U. COLLINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket Nos. 8573-85, 20387-85.
United States Tax Court
T.C. Memo 1987-62; 1987 Tax Ct. Memo LEXIS 58; 52 T.C.M. (CCH) 1538; T.C.M. (RIA) 87062; January 29, 1987. Arthur Edward Collins, pro se. Maureen T. O'Brien, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: Petitioners are husband and wife who filed joint income tax returns for 1982 and 1983. The Commissioner determined deficiencies in their income tax for those years in the amounts of $2,202 and $981, respectively. The sole matter now in controversy is the deductibility of meals, lodging, and travel expenses incurred by the husband (hereinafter sometimes referred to as petitioner) in connection with his employment with one of the contractors engaged in the construction of a nuclear power plant at *59 Seabrook, New Hampshire. For convenience, our findings of fact and opinion are combined. A stipulation of facts and related exhibits are incorporated herein by this reference. Petitioners had their legal residence at Lewiston, Maine, when the petitions herein were filed. Petitioner is an electrician. He has had a residence in Lewiston throughout all the years relevant to this case. Lewiston and Seabrook are about 100 miles apart. On September 8, 1981, petitioner was hired by Fischbach-Boulos-Manzi New Hampshire (Fischbach), a contractor or subcontractor, [1] to work at the Seabrook nuclear project. At that time he was not told when his employment would end. Petitioner worked for Fischbach continuously from the time he was hired until April of 1984, except for a period of about six months beginning in April 1983 when he was on leave by reason of an injury. In April 1984 the entire Seabrook project was shut down and "[a]ll the contractors on the job were laid off" due to a lack of funds. In May of 1984, petitioner *60 suffered another injury. Because of this injury, petitioner was authorized by his doctor to do only "light duty" work. Consequently, when activity on the Seabrook project was recommenced some few months later petitioner was unable to return to his job there. He was available to work and was willing to return, but did not regain employment at Seabrook at least through 1985. By the time of trial, petitioner apparently had still not gone back to work at Seabrook. But for his injuries and the temporary cessation of all construction activity at the Seabrook project in 1984, petitioner was ready and willing to continue work for his employer at Seabrook from the time he was originally hired in 1981 at least through 1985 and presumably even up until the time of trial herein in late September 1986. When petitioner was first hired to work at Seabrook and during the above described periods when he worked there, his family and family residence were in Lewiston, Maine. It is stipulated that petitioner had no business dealings in Lewiston during those periods. At the time of trial, he was living at his home in Lewiston, Maine. When petitioner worked in Seabrook he lived in a nearby motel *61 in New Hampshire. In connection with his employment at Seabrook, petitioner incurred expenses of $8,607 in 1982, consisting of $5,720 for meals and lodging and $2,887 relating to his car. In 1983, his costs for meals and lodging amounted to $3,400 and his car expenses amounted to $1,996.80, or a total of $5,396.80. On his 1982 income tax return, petitioner reported as wages $30,305.44 received from Fischbach. He then "adjusted" (i.e., reduced) his income by $8,107 of the above described 1982 employee business expenses. [2] In 1983, petitioner reported $21,917.26 wages, from which he subtracted $5,076.80 as expenses for meals, lodging, and car. [3]
*62 In his notice of deficiency the Commissioner disallowed the meals, lodging, and car expenses in full. His determination for 1982 was based in part on the fact that petitioner had not "established that any amount was for an ordinary and necessary business expense" because petitioner's assignment at Seabrook was "for an indefinite length of time". Similarly, as to 1983 the disallowance was based in part on the circumstance that the expenses "were incurred in a location where you were working for an indefinite period". The notice of deficiency stated that "since that location is your tax home, the expenses incurred are not deductible." Other grounds stated by the Commissioner for disallowance of these deductions are no longer in issue and the sole remaining controversy relates to the reasons stated above. We hold for the Commissioner on this issue for both years. Section 162, IRC 1954, allows "as a deduction all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business, including * * * traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business". We must determine *63 whether petitioner's meals, lodging, and travel expenses incurred in 1982 and 1983 in connection with his employment at Seabrook qualify for deduction under these provisions. Although the costs of meals, lodging, and travel are normally considered to be non-deductible personal expenses, [4] exception is made when these expenses can be categorized as "travel expenses * * * required by 'the exigencies of business.'" Peurifoy v. Commissioner,358 U.S. 59, 60 (1958), quoting Commissioner v. Flowers,326 U.S. 465, 474 (1946). Within this exception there have been included such expenses incurred during periods of "temporary" employment performed at a location away from the area of the taxpayer's permanent residence as contrasted with such employment that is "'indefinite' or 'indeterminate'". Peurifoy v. Commissioner,358 U.S. at 60. Notwithstanding that the result may often appear to be harsh at least in some cases in the latter situation, see dissent of Mr. Justice Douglas in Peurifoy,358 U.S. at 62, *64 the distinction is well established, and we must give effect to it here. Accordingly, the pivotal question before us is whether petitioner's employment at Seabrook is to be treated as "temporary", rather than "indefinite" or "indeterminate" in duration. Temporary employment is characterized as that type of "employment that can be expected to last only for a short period of time". McCallister v. Commissioner,70 T.C. 505, 509 (1978). See also Norwood v. Commissioner,66 T.C. 467, 469 (1976); Tucker v. Commissioner,55 T.C. 783, 786 (1971); Kroll v. Commissioner,49 T.C. 557, 562 (1968); Cockrell v. Commissioner,38 T.C. 470, 479 (1962), affd. 321 F.2d 504 (8th Cir. 1963); Albert v. Commissioner,13 T.C. 129, 131 (1949). Employment is not temporary, even if it is known that it will terminate, "if it is expected to last for a substantial or indefinite period of time," Norwood v. Commissioner,66 T.C. at 469, or if "its termination cannot be foreseen within a fixed or reasonably short period of time". Mitchell v. Commissioner,74 T.C. 578, 581 (1980), *65 quoting Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971)
Applying the above distinction to petitioner's situation we find that his employment at Seabrook was indefinite and that the expenses at issue which are associated with that employment are not deductible. The parties have stipulated that "when petitioner was hired" to work at Seabrook "he was not told when his employment would end". This alone would indicate that the employment was not "temporary in contemplation at the time of its acceptance". Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958). At trial petitioner gave us no basis for finding that the employment was contemplated to be temporary or that it was expected that it would last "for only a short period of time". In fact his employment there lasted from September 1981 until the April 1984 shutdown of the plant, with one six month interruption as a result of an injury. If petitioner had not been injured again, he could well have expected to be employed at Seabrook when construction resumed a few months after the work stoppage. *66 It is clear to us on this record that, under the guidelines followed in a number of cases, petitioner's employment at Seabrook must be classified as indefinite rather than temporary. We so find as a fact. See Dahood v. United States,747 F.2d 46 (1st Cir. 1984), involving other employees at the Seabrook nuclear project.[5] Petitioner's deductions for meals and lodging, Tucker v. Commissioner,55 T.C. 783 (1971); Chimento v. Commissioner,52 T.C. 1067 (1969), affd. per curiam 438 F.2d 643 (3d Cir. 1971); Kroll v. Commissioner,49 T.C. 557 (1968), and for transportation expenses, Mitchell v. Commissioner,74 T.C. 578 (1980); Cockrell v. Commissioner,supra,38 T.C. 470; Albert v. Commissioner,13 T.C. 129 (1949), were properly disallowed by the Commissioner.[6]
*67 Decision will be entered under Rule 155.
Footnotes
1. Fischbach was probably a subcontractor, but for convenience we will use the terminology of the parties and refer to it herein simply as a contractor.↩
2. Petitioner did not deduct the full $8,607 of expenses that he actually incurred, but deducted only $8,107. He reduced his $8,607 expenses by $500 of employer reimbursement "not included on Form W-2". Despite a relatively small discrepancy, the Government conceded at trial that this $500 reimbursement was↩ included in petitioner's wages in the W-2. Accordingly, the wages reported by petitioner, which scrupulously followed the W-2 did include this $500 reimbursement, and the Government's concession thereby constituted an admission that the deficiency notice erroneously increased his taxable income by $500 in respect of that reimbursement. 3. Again, in 1983 petitioner reduced his $5,396.80 expenses by $320 of employer payments "not included on Form W-2" and the Government conceded at trial that such amount was included in the W-2, with consequences like those outlined in the preceding footnote.↩
4. Sec. 262, IRC 1954↩, provides that "no deduction shall be allowed for personal, living, or family expenses".
5. Petitioner has not argued that his employment at Seabrook was temporary because of the uncertainties surrounding the construction of the plant. In any case, such uncertainty would not establish that the termination of his job in a short period was foreseeable. See Dahood v. United States,747 F.2d 46, 50↩ (1st Cir. 1984). 6. The petition in docket number 20387-85, involving the year 1983, attempted to place in issue an item of $93.41 under the heading "Addition to Tax (Penalty) if a`ny, Disputed". No such item was contained in the deficiency notice itself, but a computer-generated statement accompanying the notice did refer to "Interest Due Based on Statutory Interest Rates" in the amount of $93.41. The petition, however, contained no allegations of fact in connection with interest or otherwise mentioned the matter, and no evidence was presented with respect thereto. This interest item apparently involves merely an amount computed up to the date of the deficiency notice; it is a matter not dealt with by the Court and will undoubtedly be revised in the course of collection to take into account the amount of time elapsed until payment.↩