**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-33

UNITED STATES TAX COURT

SEQUARE K. DANIEL-BERHE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27211-11S.                    Filed April 29, 2013.

Sequare K. Daniel-Berhe, pro se.

<u>Whitney N. Moore</u>, for respondent.

SUMMARY OPINION

KERRIGAN, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

The decision to be entered is not reviewable by any other court, and this opinion

shall not be treated as precedent for any other case.  Unless otherwise indicated, all

section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

Respondent determined a Federal income tax deficiency of $14,161 and a section 6662(a) penalty of $2,832 for 2008. The issues for our consideration are (1) whether petitioner is entitled to deductions claimed on Schedule A, Itemized Deductions, for unreimbursed employee business expenses of $57,315 for 2008, (2) whether petitioner is entitled to Schedule A deductions for other miscellaneous expenses of $2,916 for 2008, and (3) whether petitioner is liable for the section 6662(a) accuracy-related penalty for 2008.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in California when he filed the petition.

During the 2008 tax year petitioner lived in Los Angeles, California, and was a part-time instructor, teaching at five different colleges and universities in the greater Los Angeles area. Petitioner taught various engineering courses at each of these institutions, often driving to more than one school per day to teach class. Petitioner was not entitled to any reimbursement by any of his employers for business-related expenses.

Petitioner drove approximately 85,000 to 95,000 miles per year commuting to and from home and from college to college. In 2008, petitioner drove a 1993 Ford Explorer which averaged approximately 12 miles per gallon of gas.

Respondent concedes that petitioner is entitled to a deduction for parking fee expenses of $137 for 2008. In 2008 petitioner paid $450 to the Long Beach City College and East Los Angeles College bookstores.

Petitioner filed timely his Form 1040, U.S. Individual Income Tax Return, for 2008. On August 29, 2011, respondent issued petitioner a notice of deficiency, determining a Federal income tax deficiency of $14,161 and a section 6662(a) penalty of $2,832 for 2008. Respondent disallowed Schedule A deductions of $57,315 for unreimbursed employee expenses and $2,916 for miscellaneous other expenses. Petitioner reported the following amounts of unreimbursed employee business expenses:

| Expense | Amount |
|---|---|
| Vehicle | [1]$46,593 |
| Parking fees and transportation | 712 |
| Overnight travel | 1,791 |
| Other business | 8,219 |
| Miscellaneous | 2,916 |
| Total | 60,231 |

[1]Petitioner claimed the standard mileage rate for 85,491 business miles.

The remaining Schedule A miscellaneous expense deduction of $2,916 was attributed to legal fees, investment expenses, financial advice, and seminars/workshops.

## Discussion

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. 111, 113 (1933). The expense must directly connect with or pertain to the taxpayer's business. Sec. 1.162-1(a), Income Tax Regs. A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise. Sec. 262(a).

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). To that end, taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the

Commissioner to determine the correct tax liability. Sec. 6001; see also Higbee v.

Commissioner, 116 T.C. 438, 440 (2001).[1]

Whether an expenditure is ordinary or necessary is a question of fact.

Commissioner v. Heininger, 320 U.S. 467, 475 (1943). Generally, the performance

of services as an employee constitutes a trade or business. O'Malley v.

Commissioner, 91 T.C. 352, 363-364 (1988); sec. 1.162-17(a), Income Tax Regs.

The employee must show the relationship between the expenditures and his or her

employment. See Joseph v. Commissioner, T.C. Memo. 2005-169. For such

expenses to be deductible, the taxpayer must not have the right to reimbursement

from his or her employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th

Cir. 1986), aff'g T.C. Memo. 1984-533.

Normally, the Court may estimate the amount of a deductible expense if a

taxpayer establishes that an expense is deductible but is unable to substantiate the

precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930);

Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often

_____

[1]Sec. 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if (1) the taxpayer introduces credible evidence with respect to such issue, sec. 7491(a)(1); and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses and information, sec. 7491(a)(2); see also Rule 142(a)(2). We note that there is no basis to shift the burden to the Commissioner under sec. 7491(a).

referred to as the <u>Cohan</u> rule.  <u>See, e.g.</u>, <u>Estate of Reinke v. Commissioner</u>, 46 F.3d 760, 764 (8th Cir. 1995), <u>aff'g</u> T.C. Memo. 1993-197.

I.    <u>Employee Business Expenses</u>

    A.    <u>Car and Truck Expenses</u>

Certain expenses specified in section 274 are subject to strict substantiation rules.  No deductions under section 162 shall be allowed for "listed property", as defined in section 280F(d)(4), "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement".  Sec. 274(d)(4).  Listed property includes passenger automobiles and other property used for transportation.  Sec. 280F(d)(4)(A)(i) and (ii).

To meet the heightened substantiation requirements, a taxpayer must substantiate the amount, time of use, and business purpose of the expense.  Sec. 274(d); <u>see also</u> sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  To substantiate by adequate records, the taxpayer must provide both an account book, a log, or a similar record, as well as documentary evidence, which are together sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Documentary evidence includes receipts, paid bills, or similar evidence. Sec. 1.274-5T(c)(2)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov.

6, 1985). To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by the taxpayer's statement and by direct evidence, such as documentary evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Notably, section 274(d) overrides the Cohan rule. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language) (noting that section 274 supersedes the Cohan rule). Therefore, this Court is precluded from estimating any expenses that are covered by section 274(d).

Under section 262(a), no deduction is allowed for any personal, living, or family expenses. The taxpayer must demonstrate that the expenses in issue were different from or in excess of what he or she would have spent for personal purposes. Sutter v. Commissioner, 21 T.C. 170, 173 (1953). The expenses of daily commuting are generally not deductible because they constitute personal expenses under section 262. Fausner v. Commissioner, 413 U.S. 838 (1973); sec. 1.262-1(b)(5), Income Tax Regs. However, the costs of going between jobs or job locations is generally deductible under section 162(a). See Fausner v. Commissioner, 55 T.C. 620 (1971); see also Steinhort v. Commissioner, 335 F.2d

496, 503-504 (5th Cir. 1964), aff'g in part and remanding T.C. Memo. 1962-233;

Heuer v. Commissioner, 32 T.C. 947, 953 (1959), aff'd, 283 F.2d 865 (5th Cir.

1960); Rev. Rul. 55-109, 1955-1 C.B. 261.

During his testimony petitioner submitted into evidence a mileage log which

was created after the 2008 tax year.  Petitioner claimed he drove 88,820 miles

related to business travel in 2008.  Corroborative evidence used to support a

taxpayer's reconstruction of expenditures "'must have a high degree of probative

value to elevate such [a] statement' to the level of credibility of a contemporaneous

record."  Larson v. Commissioner, T.C. Memo. 2008-187, slip op. at 11 (quoting

section 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6,

1985)).

Respondent concedes that petitioner drove 4,970 miles between various job

locations during 2008, for which he is entitled to claim a deductible mileage

expense.[2]  However, petitioner did not meet his burden in proving that the remaining

---

[2]Respondent concedes that petitioner was entitled to claim a deductible
mileage expense of $2,485 and we assume respondent calculated this deduction by
multiplying 50 cents per mile times 4,970 miles.  However, for 2008 the applicable
standard mileage rates were provided in Rev. Proc. 2007-70, sec. 2.01, 2007-2 C.B.
1162, 1163, and Announcement 2008-63, 2008-2 C.B. 114.  Rev. Proc. 2007-70,
supra, was effective for transportation expenses incurred on or after January 1,
2008.  Rev. Proc. 2007-70, supra, was modified by Announcement 2008-63, supra,
(continued...)

mileage was not a commuting expense or other personal expense. See generally Fausner v. Commissioner, 413 U.S. 838; secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. In addition, petitioner did not adequately substantiate the remainder of his car and truck expenses, and so he is not entitled to a deduction for these expenses, as discussed below.

We find the mileage summary to be insufficient under section 274(d) because the mileage amounts were not entered at the time the vehicle was used. Petitioner testified that the mileage log he presented at trial was prepared "after [he] was approached by the IRS". Outside of the syllabi petitioner presented, we are unable to determine for what purpose petitioner was traveling to and from the various schools outside of class time. Petitioner provided no evidence to corroborate entries in the mileage log for random trips to the schools other than testimony that he made various trips to prepare for the semester. We are unable to verify whether these trips were for business or were personal. See Gilliam v. Commissioner, T.C. Memo. 1986-90; cf. Freeman v. Commissioner, T.C. Memo. 2009-213;

---

[2](...continued)
for transportation expenses paid or incurred on or after July 1, 2008. Under Rev. Proc. 2007-70, supra, taxpayers were entitled to 50.5 cents per mile, and under Announcement 2008-63, supra, taxpayers were entitled to 58.5 cents per mile. Petitioner is allowed a mileage deduction for 4,970 miles computed on the basis of the applicable mileage rate during the time he actually drove the 4,970 miles. See, e.g., Harris v. Commissioner, T.C. Memo. 2012-312, at *9-*11.

Lopkoff v. Commissioner, T.C. Memo. 1982-701.  Therefore, petitioner is entitled to a mileage expense deduction for 4,970 miles driven in 2008.

Furthermore, petitioner's commuting expenses do not qualify for an exception to the general rule of nondeductibility for such otherwise personal commuting costs. There is an exception for travel expenses between a taxpayer's residence and temporary work locations outside of the metropolitan area where the taxpayer lives and normally works.  See Schurer v. Commissioner, 3 T.C. 544 (1944).  A work location is temporary if it is realistically expected to last (and does in fact last) for one year or less.  Bogue v. Commissioner, T.C. Memo. 2011-164, slip op. at 24; Rev. Rul. 99-7, 1999-1 C.B. 361.  Petitioner was teaching at several different institutions in an effort to secure full-time employment at one of them.  Each semester petitioner had to travel to the various schools to request a part-time teaching position, and there was no guarantee that he would receive an offer to teach courses at the same college.  Petitioner's work was temporary because he was employed semester by semester.

Over the years, a number of courts added an additional requirement that the temporary worksite be distant from the area where the taxpayer lives and normally works. See Dahood v. United States, 747 F.2d 46, 48 (1st Cir. 1984); Kasun v. United States, 671 F.2d 1059, 1061 (7th Cir. 1982); Epperson v. Commissioner, T.C. Memo. 1985-382. Petitioner worked and lived in the same metropolitan area, and therefore we find that petitioner's commuting expenses do not qualify for the exception to the general rule of nondeductibility. We hold that petitioner's commuting expenses were nondeductible. See Bogue v. Commissioner, T.C. Memo. 2011-164; see also Aldea v. Commissioner, T.C. Memo. 2000-136.

B.    Parking Expenses

Petitioner claimed a deduction for parking expenses of $712 for 2008. As stated above, expenses related to passenger automobiles, including expenses for parking fees and tolls, are subject to the stringent substantiation requirements of section 274(d). Respondent concedes that petitioner is entitled to a deduction for parking fees of $137.

Petitioner testified that the remaining $575 in parking fees consists of metered parking costs at various schools where he taught. Petitioner argues that these expenses were incurred at the beginning of each semester before parking was allowed on the schools' campuses; however, he did not offer any evidence other

than his testimony to corroborate these expenses. Therefore, we are unable to determine for what purpose petitioner was traveling to and from the various schools outside of class time, whether these amounts were actually paid, and that these amounts were not for personal purposes. Petitioner may deduct parking expenses of only $137 for 2008.

C.    Overnight Travel Expenses

Petitioner reported overnight travel expenses of $1,791 for 2008. Petitioner submitted a summary of business expenses which includes a list of conferences and seminars he attended in 2008. Petitioner claimed that he traveled outside the Los Angeles area to attend these conferences. However, petitioner provided no evidence or testimony to corroborate these expenses; we cannot be sure whether he actually attended work-related conferences or was traveling for personal purposes. See Boltinghouse v. Commissioner, T.C. Memo. 2007-324, slip op. at 19. Therefore, petitioner may not deduct any overnight travel expenses for 2008.

D.    Office Expenses

Petitioner reported business expenses of $8,219. Respondent agrees that petitioner spent $450 on books at the East Los Angles College and Long Beach City College book stores. However, petitioner submitted no documentation to show the business nature of these books. Petitioner offered no evidence or testimony

regarding the business nature of the remaining payments or identifying items that were purchased.[3]  Therefore, petitioner may not deduct any office expenses for 2008.

II.     Miscellaneous Expenses

Petitioner claimed a deduction for miscellaneous expenses of $2,916 and indicated that these expenses were for "legal fees, investment expenses, financial advice, seminars/workshop [sic]".  A deduction is allowed for ordinary and necessary expenses paid by a taxpayer during the year for the production or collection of income, subject to the 2% floor of section 67(a), under section 212.  Section 212 allows a taxpayer to deduct ordinary and necessary expenses paid or incurred for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income.  Petitioner offered no credible evidence to substantiate these legal fees, nor did he provide evidence or testimony proving that these fees were incurred for the production or collection of income.  Therefore, petitioner may not deduct any of these miscellaneous expenses for 2008.

---

[3]Petitioner did submit receipts for payments made to certain cellular telephone, cable television, and Internet service providers; however, he failed to submit any evidence showing that these expenses were business related rather than personal.

III.   Section 6662(a) Penalty

Under section 7491(c), the Commissioner bears the burden of production with regard to the section 6662(a) penalty.  This means that the Commissioner must produce sufficient evidence indicating that a penalty is appropriate.  Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent determined a section 6662(a) penalty of $2,832 for 2008. Respondent contends that petitioner is liable for the accuracy-related penalty on alternative grounds:  (1) the underpayment is attributable to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1); or (2) there was a substantial understatement of income tax within the meaning of section 6662(b)(2). Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in section 6662(b).  Sec. 1.6662-2(c), Income Tax Regs.

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the

circumstances. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by the taxpayer to keep adequate books and records to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Although petitioner maintained a large amount of documentation, he did not keep sufficient books and records to meet the requirements of section 274(d) with respect to his car and truck, parking, overnight travel, office, and miscellaneous expenses. To substantiate the expenses that respondent did not concede, petitioner provided a mileage log (which was not maintained contemporaneously with his travel) and a summary of seminars he attended and syllabi for classes he taught, and he otherwise offered testimony at trial. The remainder of petitioner's documentation was not admitted into the record. For the remaining expenses, petitioner failed to offer evidence that he actually incurred these expenses. We find that petitioner acted negligently under the circumstances by failing to substantiate most of his disallowed deductions. Respondent has therefore met the burden of production as to negligence.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). The determination whether a taxpayer acted

with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's efforts to assess his or her proper tax liability. See id.

An honest misunderstanding of fact or law that is reasonable in the light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See Noz v. Commissioner, T.C. Memo. 2012-272, at *41-*42. Petitioner's testimony established that he attempted to comply with the law. Petitioner submitted large amounts of receipts and other documents that he had collected, many of which were not admitted into the record. Petitioner made a good-faith effort to keep records and document his expenses, but his efforts were not enough. Petitioner seems to have a genuine misunderstanding of the law regarding which expenses could be deducted, and he proved to be a credible witness. Therefore, we hold that petitioner made a good-faith effort to accurately assess his income tax liability, and he acted reasonably under the circumstances. Petitioner is not liable for the section 6662(a) penalty for 2008.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.