T.C. Summary Opinion 2021-18

UNITED STATES TAX COURT

PAUL WARQUE AND MARIE WARQUE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6076-19S.                              Filed July 8, 2021.

Paul Warque and Marie Warque, pro sese.

<u>Michael T. Garrett</u> and <u>Gretchen W. Altenburger</u>, for respondent.

SUMMARY OPINION

COPELAND, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463[1] of the Internal Revenue Code in effect when the petition was filed.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency issued February 10, 2019, the Internal Revenue Service (IRS or respondent) determined the following deficiencies in Federal income tax and section 6662(a) accuracy-related penalties for petitioners Paul and Marie Warque:

| Year | Deficiency | Penalty sec. 6662 |
|------|-----------|-------------------|
| 2015 | $1,680 | $336 |
| 2016 | 2,010 | 402 |
| 2017 | 277 | 55 |

After concessions, the issue for decision is whether the Warques are entitled to deduct unreimbursed employee business expenses for their 2015, 2016, and 2017 taxable years.[2]

## Background

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was timely filed, the Warques were residents of Nevada.

_____

[2]Respondent conceded the sec. 6662 accuracy-related penalties in his simultaneous opening brief. Nevertheless, respondent asks us to rule that the Warques were negligent. We decline to do so.

I.      Mrs. Warque's Employment

During the years in issue Mrs. Warque was a homemaker.  She has an accounting degree earned in the Philippines; however, she has never taken any classes on U.S. income tax laws.

II.     Mr. Warque's Employment

Mr. Warque has a bachelor's degree in accounting earned from the University of Nevada, Las Vegas.  In 2009 he began working as a revenue agent for the IRS.  His "post of duty" was the IRS examination office in Laguna Niguel, California; it was a permanent, not seasonal, position.  Mr. Warque remained employed in this position through the years in issue.  He worked in the Tax Exempt and Government Entities examination division.  His duties included examining employee pension and retirement plans to determine whether the plans met the qualifications of section 401(a).  He was also charged with making "discrepancy adjustments," which are adjustments to Federal income tax returns to correct a discrepancy between facts developed during an examination of an employer's pension or retirement plan return[3] and the line items on related income

---

[3]Such as Form 5500, Annual Return/Report of Employee Benefit Plan, or other forms in the 5500 series.

tax returns.[4] EP Examination Process Guide--Discrepancy Adjustments, https://www.irs.gov/retirement-plans/ep-examination-process-guide-discrepancy-adjustments (last updated Mar. 4, 2021). In performing his duties as a revenue agent, Mr. Warque had access to many tax law research resources, including Westlaw, that would enable him to research tax laws. During the years in issue, and from at least 2009, the Warques' personal residence was in Nevada; though Mr. Warque was generally not entitled to work from there.

III.    Hardship Transfer

In 2014 Mr. Warque applied for a hardship transfer from the IRS examination office in Laguna Niguel to the IRS examination office in Las Vegas, Nevada. Although the request was approved on April 11, 2014, he was never transferred. The request approval did not guaranty a new job placement or transfer. The approval was for hardship eligibility. When approved, hardship eligibility puts the individual's name on a list for consideration. Mr. Warque's approval letter stated:

> This is to inform you that your hardship application has been approved. Your name has been updated in the Special Programs database on 04/11/2014. This does not mean you have a job

---

[4]Such as Form 1040, U.S. Individual Income Tax Return, or Form 1120, U.S. Corporation Income Tax Return.

placement offer at this time.  However, you will be considered for future vacancies in your desired post of duty with the status of a hardship eligible.

Essentially if a job vacancy became available in the IRS examination office in Las Vegas, the relevant IRS employment office would first check the Special Placement Programs Report for any matches.  If Mr. Warque's application was a match, the relevant employment office would request and receive his application.  There was no guaranty that he would then receive the requested change to his post of duty location; further action was required.

Mr. Warque reapplied through the same process in 2015 and was again approved for hardship eligibility and placed on the list for consideration.  Mr. Warque also applied in 2016, but that application was not approved.  In 2017 he was temporarily authorized to change his post of duty to Las Vegas for a couple of months to care for his wife and newborn child.  However, Mr. Warque never received a full-time hardship transfer to Las Vegas.

IV.   Business Expenses

Both Mr. and Mrs. Warque kept track of Mr. Warque's expenses.  When he would travel between his residence in Nevada and his post of duty in Laguna Niguel, Mr. Warque kept track of his mileage using his phone.  He would begin tracking miles when he left his personal residence in Nevada on Sunday and then

record his mileage again when he returned Friday mornings. Mr. Warque would then manually transfer the phone recorded mileage onto a sheet of notebook paper. At the end of the year he would summarize the mileage from the handwritten sheet or sheets for use in preparing a tax return for the year. The Warques also collected receipts for gasoline and car repairs. When Mr. Warque worked from his residence in Nevada on weekends, he would buy his work supplies as part of his family's grocery shopping. Because of the combined nature of the shopping trips, Mrs. Warque would estimate the amounts for Mr. Warque's work supplies. For rent expenses, Mrs. Warque would track the amounts that Mr. Warque told her he had paid for renting a room in Costa Mesa, California, which was near his post of duty in Laguna Niguel.

V.     The Returns

The Warques' Form 1040 tax return for each year in issue included Schedule A, Itemized Deductions, on which they reported various deductions including, as relevant here, unreimbursed employee business expenses. Included in that category were expenses for mileage, gas, meals and entertainment, and personal effects. Those expenses were further delineated on Form 2106-EZ, Unreimbursed Employee Business Expenses.

More specifically on the Forms 2106-EZ, for 2015 the Warques reported $14,205 as a mileage expense and $9,170 of business expenses; for 2016 they reported $12,132 as a mileage expense and $13,191 of business expenses; and for 2017 they did not report mileage expense but reported $14,148 of business expenses.

Mr. Warque would give Mrs. Warque some of the documentation related to his unreimbursed employee business expenses. Mrs. Warque would supplement that with expense information she maintained on spreadsheets she created. The Warques used TurboTax to complete the returns. Mrs. Warque would allow the TurboTax software prompts to guide her in reporting expenses as she was preparing each return. Mr. Warque would then skim through the completed returns before filing.

VI.    Notice of Deficiency

After an examination and an appeal to the IRS Office of Appeals, the IRS issued a statutory notice of deficiency disallowing itemized deductions of $23,797, $25,991, and $14,562 for 2015, 2016, and 2017, respectively. These disallowances consisted of the reported unreimbursed employee business expenses.

## Discussion

I.    Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct. Rule 142(a) places the burden of proof on the taxpayer unless otherwise provided by statute or determined by the Court. See Welch v. Helvering, 290 U.S. 111, 115 (1933). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

The burden of proof shifts to the Commissioner under certain circumstances to the extent that a taxpayer comes forth with credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's liability. Sec. 7491(a)(1). The Warques do not contend, nor does the evidence establish, that the burden shifts to respondent under section 7491(a) as to any issue of fact.

II.     <u>Unreimbursed Employee Business Expenses</u>

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of substantiating his claimed deductions by keeping and producing records sufficient to enable the Commissioner to determine the correct tax liability.  Sec. 6001; <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), (e), Income Tax Regs.

As relevant here, section 162(a) allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  <u>Boyd v. Commissioner</u>, 122 T.C. 305, 313 (2004).  This includes performing services as an employee.  <u>See</u> <u>Primuth v. Commissioner</u>, 54 T.C. 374, 377-378 (1970).  To be ordinary the expense must be of a common or frequent occurrence in the type of business involved.  <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940).  To be necessary an expense must be appropriate and helpful to the taxpayer's business.  <u>Welch v. Helvering</u>, 290 U.S. at 113.  If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses unless entitled to reimbursement from his or her employer.  <u>See</u> <u>Fountain v. Commissioner</u>, 59 T.C. 696, 708 (1973); <u>Spielbauer v. Commissioner</u>, T.C. Memo. 1998-80.  An employee business expense is not "ordinary and necessary" if the employee is entitled to

reimbursement from his or her employer but fails to seek reimbursement. See

Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C.

Memo. 2012-272. Section 262(a), on the other hand, provides that personal,

living, or family expenses are not deductible unless "expressly provided" in the

Code. Wirt v. Commissioner, T.C. Memo. 1988-329, 55 T.C.M. (CCH) 1369,

1371 (1988).

Keeping in mind these guiding principles, we turn our attention to the

deductions in dispute here.

A.      Traveling Expenses

On their 2015 and 2016 returns, as travel expenses, the Warques reported

unreimbursed employee business expenses for, among other things, Mr. Warque's

mileage, car repair and maintenance, meals, gas, car inspection costs, and room

rental. The main issue regarding these travel-related expenses is whether Mr.

Warque's principal place of employment was Las Vegas, Nevada, or Laguna

Niguel, California. The Warques assert that approval of Mr. Warque's application

for hardship relocation led to his reasonable belief that the work performed at the

IRS office in Laguna Niguel was temporary.[5]

---

[5]Mr. and Mrs. Warque make this argument despite the fact that they
reported similar expenses on prior years' tax returns.

Section 162(a)(2) expressly provides that expenses related to travel can be deducted if ordinary and necessary and incurred while the taxpayer is away from "home" in the pursuit of a trade or business. See Barone v. Commissioner, 85 T.C. 462, 465 (1985), aff'd without published opinion, 807 F.2d 177 (9th Cir. 1986).[6] Traveling expenses, including amounts expended for meals and lodging and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles) may be deducted under section 162(a)(2) if they are: (1) ordinary and necessary; (2) incurred while away from home; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The purpose of the "away from home" provision is to mitigate the burden of a taxpayer who, because of his or her trade or business, must maintain two places of abode and incur additional and duplicate living expenses. Kroll v. Commissioner, 49 T.C. 557, 562 (1968). For the purpose of section 162(a)(2), "home" is defined as the vicinity of a taxpayer's principal place of employment rather than the location of the taxpayer's personal residence (i.e., the "tax home"

---

[6]We also note that the deductions for expenses attributable to travel under sec. 162(a), if otherwise allowable, are subject to strict rules of substantiation. See sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Because we decide this issue on the basis of Mr. Warque's tax home, the strict substantiation rules are not separately addressed.

might be in different locale from the residence).  <u>Mitchell v. Commissioner</u>, 74

T.C. 578, 581 (1980).  However, where the employment is for a temporary rather

than indefinite or permanent period, taxpayers may use their personal residence

locale as their tax home.  <u>See</u> <u>Peurifoy v. Commissioner</u>, 358 U.S. 59, 60 (1958);

<u>Kroll v. Commissioner</u>, 49 T.C. at 562-563.  A business locale is considered

temporary if the employment is such that "termination within a short period could

be foreseen."  <u>Albert v. Commissioner</u>, 13 T.C. 129, 131 (1949).  Even if it is

known that the employment will terminate within a fixed time, it is not temporary

if it is expected to last for a substantial or indefinite duration.  <u>See</u> <u>Wirt v.</u>

<u>Commissioner</u>, 55 T.C.M. (CCH) at 1371.

The Court of Appeals for the Ninth Circuit[7] established a test to determine

whether a taxpayer's employment is temporary or permanent in <u>Harvey v.</u>

<u>Commissioner</u>, 283 F.2d 491, 495 (9th Cir. 1960), <u>rev'g and remanding</u> 32 T.C.

1368 (1959).  The test looks at whether "there is a reasonable probability known to

* * * [the taxpayer] that he may be employed for a long period of time at his new

---

[7]As stated <u>supra</u> p. 2, pursuant to sec. 7463(b) our decision in this case is not reviewable by any other court.  However, absent the small case designation any appeal would lie in the Court of Appeals for the Ninth Circuit.  <u>See</u> sec. 7482(b)(1)(A), (2).  Thus, even in cases subject to sec. 7463(b), we generally apply the law in a manner consistent with the holding of the Court of Appeals to which an appeal of our decision would otherwise lie.  <u>See</u> <u>Golsen v.</u> <u>Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971).

station." Id. What constitutes a "long period of time" varies with the circumstances of each case. Id.

On this record, applying either the test of this Court or that of the Court of Appeals for the Ninth Circuit, we hold that Mr. Warque was not "away from home" within the meaning of section 162(a)(2). Mr. Warque traveled from his personal residence in Las Vegas to his place of employment in Laguna Niguel. Mr. Warque began working in Laguna Niguel in 2009 knowing that it was a full-time nontemporary position. This situation did not change when he applied for the hardship relocation. The hardship relocation approval letter clearly stated that there was no certainty that his duty station would be changed to Las Vegas. The approval was one of eligibility. The letter clearly stated that there was no guaranty he would be transferred. In fact he was not transferred. There could be no reasonable belief that the Laguna Niguel duty station changed to a temporary one in 2015 or earlier. Mr. Warque's tax home for purposes of section 162(a)(2) was his Laguna Niguel place of employment. It was Mr. Warque's personal preference to maintain a personal residence in Las Vegas. Consequently, the traveling expenses Mr. Warque incurred for mileage, rent, car repair and maintenance, car inspection, and meals were not covered by the exception in section 162(a)(2) and are not deductible. See Wirt v. Commissioner, 55 T.C.M. (CCH) at 1371-1372.

In addition, expenses that a taxpayer incurs in commuting between a tax home and his place of business/employment are personal and nondeductible. See Commissioner v. Flowers, 326 U.S. at 473-474; Heuer v. Commissioner, 32 T.C. 947, 951 (1959), aff'd per curiam, 283 F.2d 865 (5th Cir. 1960); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. Here, Mr. Warque rented a room in Costa Mesa, California, which is near Laguna Niguel. His commuting expenses for travel between his rented room and his place of business are likewise nondeductible.

B.  Other Business Expenses

To deduct employee business expenses, a taxpayer must not have received reimbursement and must not have had the right to obtain reimbursement from his employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533. The Warques bear the burden of proving that they are not entitled to reimbursement from Mr. Warque's employer for such expenses. See Fountain v. Commissioner, 59 T.C. at 708.

Other than mileage, the Warques did not delineate their business expenses on the Forms 2106-EZ filed with their returns. At trial they produced spreadsheets and a sampling of actual receipts. The spreadsheets set forth the following categories of unreimbursed employee business expenses: clothing, dry cleaning, union dues, office supplies, and personal effects. The receipts were for Mr.

Warque's clothing (including a suit and shoes), dry cleaning, haircuts, groceries, union dues, and personal items such as deodorant, mouthwash, and floss. The Warques did not provide any information establishing whether Mr. Warque would have been entitled to reimbusement for business expenses incurred on behalf of his employer, the IRS, nor did they provide a reimbursement plan.

Clothing expenses are deductible if the clothing is of a type specifically required as a condition of employment, not adaptable for general use as ordinary clothing, and not worn as ordinary clothing. Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). A suit and shoes are certainly adaptable as ordinary clothing. Therefore, the amounts reported for clothing, and their upkeep, were personal and as such are not deductible. See sec. 262(a).

Similarly, grooming expenses are inherently personal and are not deductible even if an employer requires an employee to be well groomed. Hynes v. Commissioner, 74 T.C. 1266, 1292 (1980). Consequently, the Warques are not entitled to a deduction for haircuts and personal hygiene products.

For 2017 only, the Warques reported office supplies as part of their unreimbursed employee business expenses. Mr. Warque purchased supplies for use when he was working from home. He admitted that the IRS would provide him with office supplies for his job. However, he was working from home for at

least part of 2017 to help care for his wife and child. As previously stated, taxpayers bear the burden of establishing entitlement to a deduction. Hradesky v. Commissioner, 65 T.C. at 89-90; Meneguzzo v. Commissioner, 43 T.C. at 831-832; sec. 1.6001-1(a), Income Tax Regs. The Warques did not provide any documentation to substantiate the reported unreimbursed employee business expenses for office supplies beyond the self-prepared spreadsheets. Nor did they provide information about whether these expenses were reimbursable by the IRS or how they were connected with Mr. Warque's position at the IRS. Consequently, they did not meet their burden of showing these expenses were deductible.

III.   Conclusion

We hold that the Warques are not entitled to deduct their reported unreimbursed employee business expenses for their 2015, 2016, and 2017 taxable years. In reaching our decision, we have considered all arguments made, and to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent as to the deficiencies and for

petitioners as to the accuracy-related

penalties under section 6662(a).